[Civ. No. 15253. First Dist., Div. One. Oct. 27, 1952.]

C. RAY HOLBROOK, Appellant, v. BOARD OF EDUCA-
TION OF THE PALO ALTO UNIFIED SCHOOL
DISTRICT et al., Respondents.

McDougall & Fairfax and Daryl H. Pearson for Appellant.

Hardy & Carley and Homer B. Thompson for Respondents.

WOOD (Fred B.), J.—In this proceeding in mandamus
plaintiff upon his former appeal (37 Cal.2d 316 [231 P.2d
853]) was successful in establishing his acquisition of the
status of a full time permanent employee (a classroom teacher
of the defendant school district) and that the district board
had exceeded its authority in purporting to reduce him to
the status of a part time permanent employee.

After the remittitur went down following the decision upon
the former appeal, plaintiff filed a memorandum of costs in
the court below including an item of $5,000 for attorney's
fees. The defendants moved and the trial court ordered that
item stricken from the bill. From that order plaintiff has
appealed.

Plaintiff does not claim that the law governing man-
damus proceedings accords him attorney's fees as costs, nor
could he do so successfully. The applicable title of the Code
of Civil Procedure embraces sections 1067 to 1110b. Sec-

tion 1109 adopts the provisions of part two, sections 307 to 1059, as the rules of practice in mandamus proceedings except as otherwise provided in that title. Section 1095 of that title recognizes costs but is silent concerning the elements thereof. Accordingly, section 1021 applies. It declares: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counsellors at law is left to the agreement, express or implied, of the parties . . ." (See *Kahn* v. *Smith*, 23 Cal.2d 12, 15 [142 P.2d 13].)

Plaintiff claims that the defendants, seeking to reduce his status from that of a full time to a part time employee, should have proceeded by action in the superior court as provided in article 2, chapter 11, division 7, of the Education Code (section 13521 to 13559) for dismissal of a permanent employee for cause; that, if they had done so, plaintiff as the successful party in that proceeding would have recovered reasonable attorney's fees as costs under section 13554 of that code; they should not be suffered to deprive him of his attorney's fees by forcing him to take the initiative in mandamus; and that in consequence he should be entitled to those fees as costs in this proceeding in mandamus. This process of reasoning, if valid, would at best lead to the conclusion that plaintiff in the present proceeding is entitled to damages (Code Civ. Proc., § 1095) in the amount of the attorney's fees of which he was thus deprived. By no process of reasoning could such an element of damage be treated as an element of "costs" in this proceeding in mandamus. As plaintiff neither alleged nor proved the incurrence of attorney's fees as an element of damage, the assertion of such a claim now, in any form, comes too late. The order appealed from should be affirmed.

No inference is to be drawn that we approve of any step in plaintiff's line of reasoning. His major premise is that the expression "costs and necessary disbursements" as used in section 13554 includes attorney's fees, contrary to the interpretation of a similar expression in section 1033 of the Code of Civil Procedure (*Moss* v. *Underwriters' Report, Inc.,* 12 Cal. 2d 266, 274 [83 P.2d 503]; *Bond* v. *United Railroads,* 20 Cal. App. 124 [128 P. 786]) and despite the use of a similar expression in the very statute which declares that except as attorney's fees are "specifically" provided for, they are left to the agreement of the parties (Code Civ. Proc., § 1021).

Nor is it clear how under the circumstances of this case the mere failure of the defendants to file charges of misconduct or of inefficiency against plaintiff (that is what the cited Education Code sections would have entailed) violated any right of his and thereby created in him a cause of action for damages. They never had any such charges to file. They merely interpreted the permanent status which he acquired as part time, not full time in nature, a view in which the superior court and an intermediate appellate court concurred.

The portion of the order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 22, 1952.