[Civ. No. 26477. First Dist., Div. Four. Mar. 30, 1970.]

DAVID KIKKERT AND ASSOCIATES, INC., Plaintiff and Respondent, v. HENRY M. SHINE, JR., as Director, etc., Defendant and Appellant.

114

**COUNSEL**

Thomas C. Lynch, Attorney General, and John E. Barsell, Jr., Deputy Attorney General, for Defendant and Appellant.

Joseph M. Neri for Plaintiff and Respondent.

**OPINION**

**RATTIGAN, J.**—This is an appeal from a judgment directing issuance of a peremptory writ of mandate pursuant to section 1094.5 of the Code of Civil Procedure.

David Kikkert and Associates, Inc. (hereinafter "Kikkert") holds a

collection agency license issued by the Director of the Department of Professional and Vocational Standards ("director") under the Collection Agency Act. (Bus. & Prof. Code, div. 3, ch. 8 [commencing at § 6850].) The director commenced disciplinary proceedings, pursuant to the Administrative Procedure Act (Gov. Code, tit. 2, div. 3, chs. 4, 4.5, 5 [commencing at § 11370]) with a formal accusation alleging (1) certain conduct by Kikkert in dealing with one Alama M. Ogeali and (2) that such conduct was grounds for disciplinary action against Kikkert under specified provisions of the Collection Agency Act (Bus. & Prof. Code, §§ 6930, 6947, subd. (k)) and of rule 628 of the regulations promulgated by the director. (Cal. Admin. Code, tit. 16, § 628) pursuant to the rule-making authority granted him by the Legislature. (Bus. & Prof. Code, § 6863.) After an administrative hearing, the hearing officer proposed a decision making certain findings adverse to Kikkert, determining therefrom that grounds for disciplinary action existed as alleged in the accusation, and ordering suspension of Kikkert's license for 30 days with 25 days thereof "being permanently stayed." The director adopted the decision.

Kikkert thereupon commenced this proceeding in the superior court, seeking a writ of mandate to compel the director to set aside his decision. After a hearing upon the return to the alternative writ, the court made certain findings of fact and conclusions of law in Kikkert's favor and entered judgment directing issuance of a peremptory writ as prayed. The director appeals from the judgment.

■ Among other things not material here, Kikkert alleged in its mandamus petition that the director's findings were not supported by the evidence adduced at the administrative hearing. ■ The director's decision affected a vested right held by Kikkert as a licensee under the Collection Agency Act. (See *Drummey* v. *State Board of Funeral Directors* (1939) 13 Cal.2d 75, 84-85 [87 P.2d 848]; California Administrative Mandamus (Cont.Ed.Bar 1966) [hereinafter "CAM"] § 5.71, p. 82.) The director made the decision in the discharge of one of his functions as a state-wide (or "state-level") agency of legislative—as distinguished from constitutional—origin. (See Bus. & Prof. Code, §§ 100, 101, subd. (aa); CAM, App. A, p. 324.) For these three reasons in combination, a superior court reviewing the decision in a mandamus proceeding would ordinarily be "authorized by law to exercise its independent judgment on the [administrative] evidence" and to conclude that an "abuse of discretion [by the director] is established" if the court "determines that [the director's] findings are not supported by the weight of the evidence." (Code Civ. Proc., § 1094.5, subd. (c); 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 18, par. (1), p. 2489; CAM §§ 5.62 [p. 71], 5.74 [pp. 87-89]; *id.*, App. A ["Activity No. 4"], p. 324.) ■ In the same case,

the "substantial evidence" test would ordinarily apply in an appellate review of the superior court's judgment; in this one, the question would be whether, with all contrary evidence disregarded, there was substantial evidence in the administrative record to support the superior court's findings. (*Yakov* v. *Board of Medical Examiners* (1968) 68 Cal.2d 67, 71-72 [64 Cal.Rptr. 785, 435 P.2d 553]; *Moran* v. *Board of Medical Examiners* (1948) 32 Cal.2d 301, 308-309 [196 P.2d 20]; 3 Witkin, Cal. Procedure, *op. cit. supra,* Extraordinary Writs, § 18, par. [1], p. 2489; CAM §§ 5.62 [p. 71], 5.74 [pp. 87-89]; *id.,* App. A ["Activity No. 4"], p. 324.)

█ As to decisive facts which are *undisputed* in such situation, however, the superior court cannot assess the "weight" of evidence thereof which is uncontradicted, nor exercise its "independent judgment" with respect to such evidence, because the determination of its effect presents a question of law alone. (*Caro* v. *Savage* (1962) 201 Cal.App.2d 530, 541 [20 Cal. Rptr. 286].) Accordingly, that court cannot set aside an administrative decision as unsupported by the evidence where the administrative findings are supported by *uncontradicted* evidence. (*Caro* v. *Savage, supra.* See CAM, § 5.74, p. 89.) Where such is the case, and because the function of an appellate court is to decide questions of law (3 Witkin, Cal. Procedure, *supra,* Appeal, § 69, par. [a], p. 2225), we are not bound by the substantial evidence test upon appeal from the superior court's judgment in a mandamus proceeding which challenges an administrative decision. We will therefore reverse such judgment if it operates to set aside an administrative decision which is supported by undisputed facts as shown by uncontradicted evidence. (*Caro* v. *Savage, supra.*)

█ We conclude that this is such a case. There was no substantial dispute at the administrative hearing, and there is none on the appeal, concerning the facts (1) which the director alleged in paragraphs III, V, VI and VII of the accusation, (2) which he found to be true in the same-numbered findings in his decision,[1] and (3) the factual truth of which was in effect found by the trial court in its judicial finding of fact No. 7.

There remain the factual issues tendered in paragraph IV of the director's accusation, addressed by him in finding No. IV of his decision, and in effect rejected by the trial court in its judicial findings 4, 5 and 6. These issues involve two separate subjects: (1) the fact of payment of $200 by Ogeali to Kikkert on or about April 1, 1965, and (2) the existence and terms of an agreement which obligated Kikkert to refund the money upon

---

[1]The administrative findings closely followed the accusation in respect of these facts; finding No. VII added the further finding that on October 5, 1966, Ogeali's attorney executed a satisfaction of judgment which indicated that his client had finally been reimbursed by Kikkert on or about that date.

certain conditions. Direct—not hearsay—evidence produced by both parties at the administrative hearing (the testimony of Jeffrey Sobel introduced by the director, that of Annie Sakuda introduced by Kikkert) established the first fact. That the $200 was paid is therefore another *undisputed* fact herein.

The undisputed facts, therefore are these: Kikkert, assignee for collection of a debt assertedly owed its assignor by Ogeali, sued Ogeali on the debt in March, 1965, and attached his wages. On or about April 1, 1965, and during the pendency of the collection action, Ogeali paid Kikkert $200. On April 29, 1965, the court therein entered judgment in Ogeali's favor. Two weeks later, he sued Kikkert for the $200 plus the amount of the attached wages and, on July 29, 1965, recovered judgment for $226.30 plus interest and costs. From April 29, 1965, until on or about October 4, 1966 (see text at fn. 1, *ante*), despite numerous demands by Ogeali's attorney, Kikkert refused to pay Ogeali the $200 or any sum in satisfaction of the $226.30 judgment recovered by Ogeali.

These facts establish, at least, that Kikkert, despite legitimate demands from Ogeali and without cause or justification, (1) refused, for a period of 17 months, to refund to Ogeali $200 to which Kikkert was not—as judicially determined on and after April 29, 1965—entitled upon any theory; (2) refused, for the same period, to refund to Ogeali a lesser amount representing the latter's wages which Kikkert had attached as a means of collecting a debt which—as also judicially determined on and after the same date—was not owed; and (3) refused, for 14 months (from July 26, 1965, to October 4, 1966) to make either payment despite a final judgment which established Ogeali's absolute entitlement to both. We have no difficulty in determining that under the *undisputed* facts Kikkert was shown to have engaged in an "unfair practice" as to Ogeali (Collection Agency Act, § 6947, subd. [k]; rule 628), to have dealt with Ogeali other than "openly, fairly and honestly" (rule 628), and to have attempted to collect (by retaining, without cause or justification) money not "due from and legally chargeable against the debtor." (Rule 628.) Kikkert's persistent refusal to make the payments due was clearly an "omission inconsistent with the faithful discharge of . . . [its] . . . duties or obligations" (Collection Agency Act, § 6930) as defined in the statute (*id.,* § 6947, subd. [k]) and the regulation (rule 628) under which the director proceeded. Since these conclusions are drawn as matters of law upon undisputed facts, it follows that the trial court's judgment must be reversed and a contrary judgment ordered. (*Caro* v. *Savage, supra,* 201 Cal.App.2d 530, 541-542, 544.)

We have reached this conclusion without regard to the matters debated on the appeal relative to the director's administrative finding No. IV, and

the trial court's judicial findings 4, 5 and 6, all of which involve an agreement between Ogeali and Kikkert relative to the $200 payment. The judicial findings are irrelevant, or erroneous, or both, in several respects[2]; this alone would ordinarily require reversal with directions to the trial court to exercise its "independent judgment" upon all of the evidence without arbitrarily disregarding hearsay which was properly before it. As previously indicated, however, we reverse the judgment, and order entry of another, based upon the *undisputed facts* warranting the discipline imposed. As the actual penalty fixed is not within the province of the superior court or of this one (CAM, § 5.41, pp. 58-59), we need not discuss that subject; it will suffice to observe that we do not find the penalty so excessive as to indicate that the director abused the discretion reposed in him by law.

The judgment directing issuance of a peremptory writ of mandate is reversed. The cause is remanded to the superior court with directions to enter judgment denying the writ.

Devine, P. J., and Christian, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 28, 1970.

---

[2]Judicial findings 4 and 5 are commentaries upon the evidence. As such, they state conclusions of law rather than findings of fact, and both are essentially irrelevant to any applicable fact-determining function of the trial court. No. 4 is erroneous as to the $200 payment because— as we have seen—such was established by direct evidence, not hearsay, Nos. 4 and 5 are correct to the extent that they characterize certain other evidence as hearsay, but both miss the mark because they ignore (1) the direct evidence (Sobel's testimony) of the disputed oral agreement and (2) the status of the hearsay evidence, not to support an administrative finding, but "for purposes of supplementing or explaining" the direct evidence (Administrative Procedure Act [Gov. Code], § 11513, subd. (c); Witkin, Cal. Evidence (2d ed. 1966) § 31, pp. 31-32), whether or not the hearsay was received over objection at the administrative hearing. (Witkin, *loc. cit. supra;* Note (1964) 15 Hastings L.J. 369, 372.) Judicial finding No. 6 states a fact, but one which is evidentiary rather than ultimate as to the agreement in question.