[Civ. No. 37571. First Dist., Div. Four. Sept. 27, 1976.]

RAYMOND A. de GROAT, Plaintiff and Respondent, v.
NEWARK UNIFIED SCHOOL DISTRICT et al.,
Defendants and Appellants.

## COUNSEL

William R. Johnston and Joseph P. Bingaman for Defendants and Appellants.

Van Bourg, Allen, Weinberg & Roger and Stewart Weinberg for Plaintiff and Respondent.

## OPINION

**CHRISTIAN, J.**—The Newark Unified School District and the members of its governing board appeal from a judgment for issuance of a writ of mandate to compel reinstatement of respondent Raymond A. de Groat as a teacher.

Respondent had been charged with immoral conduct and "evident unfitness for service"[1] upon allegations that on November 20 he had permitted pupils to be "exposed to profane, obscene, immoral, distasteful and/or inappropriate language and references to the human reproductive organs and their functions by a guest speaker," that he failed to halt this presentation, and that he failed to inform or seek assistance from an appropriate administrator to halt the presentation. Respondent demanded and received a hearing before a commission on professional competence;[2] his dismissal was ordered, upon the ground of unfitness for service. The superior court thereafter issued a writ compelling respondent's reinstatement.

The facts are not substantially in dispute. Respondent, with the knowledge and permission of his superiors, arranged for the appearance of John Thompson, also known as John the Poet, to read poetry to several classes at Newark High School. The poet promised not to read any "vulgar or profane material." Nevertheless, students and their parents were advised by letter that the poetry reading might be controversial, and that the parents could decline to allow their children to attend the reading. Respondent, along with numerous other teachers, was present during most of the poetry reading. Respondent and the other teachers reminded the students of their right to leave the room at any time before or during the poetry reading if they found any of the material objectionable. The poet indeed devoted his reading largely to scatological and sexual material. Neither respondent nor any other teacher halted the reading.

Appellants contend that the trial court misapplied the independent judgment test by substituting its own judgment for that of the commission on professional competence. The commission determined that respondent should be dismissed from his position as a certificated permanent employee due to "evident unfitness for service." (Ed. Code,

---

[1] Education Code section 13403, subdivisions (a) and (e).
[2] Education Code section 13413.

§ 13403, subd. (e).) In reviewing this decision, the trial court is to "exercise its independent judgment on the evidence." (Ed. Code, § 13414.) Where the court is authorized by law to exercise its independent judgment on the evidence, the court shall find that the agency abused its discretion if the agency's findings are not supported by the weight of the evidence. (Code Civ. Proc., § 1094.5, subd. (c).)

Appellants argue that because the decisive facts were undisputed, the superior court was not in a position to assess the weight of the evidence or exercise its independent judgment with respect to that evidence. (See *David Kikkert & Associates, Inc.* v. *Shine* (1970) 6 Cal.App.3d 112, 116 [86 Cal.Rptr. 161].) █ A teacher's fitness depends upon whether his future classroom performance and overall impact on his students will likely be appropriate and effective. (*Morrison* v. *State Board of Education* (1969) 1 Cal.3d. 214, 229-230 [82 Cal.Rptr. 175, 461 P.2d 375].) █ There was no evidence that respondent's failure to stop the reading adversely affected any students. Extenuating circumstances included the fact that other teachers were present during the poetry readings at various times, and none of them suggested that the readings be stopped. Moreover, respondent's supervisor, the head of the English Department, was present during part of the reading; although the supervisor advised the poet to abstain from using vulgarities, and the poet for a time acceded to this request, the supervisor neither arranged for additional supervision of the readings nor cautioned respondent that he would have to stop the poet from continuing if further vulgarities were used. It is not claimed that respondent's motives in permitting the poet to continue his readings were to shock or titillate the students. Finally, the only testimony as to the likelihood of a repetition of this type of incident was that of the assistant superintendent of the unified school district, who did not believe a repetition was likely, and the testimony of respondent himself, who stated that he would not repeat anything like this in the future.

Although the commission's findings failed to note the foregoing evidence, that evidence was undisputed; it supports the trial court's determination that evident unfitness had not been established. (Cf. *Oakland Unified Sch. Dist.* v. *Olicker* (1972) 25 Cal.App.3d 1098, 1108 [102 Cal.Rptr. 421].)

█ Appellants contend that the court erred in ordering payment of attorney's fees to respondent. In general, attorney's fees are not to be

awarded except where specifically provided for by statute. (Code Civ. Proc., § 1021; see 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 116, p. 3267.) ■ Ordinarily, attorney's fees are not allowed where an administrative decision is reviewed on petition for writ of mandate (*Holbrook* v. *Board of Education* (1952) 113 Cal.App.2d 840, 841 [249 P.2d 29]; see Code Civ. Proc., § 1095); the specific provision of the Education Code under which respondent sought review of the dismissal decision by the commission on professional competence and appellants does not indicate that the general rule should not apply (See Ed. Code, § 13414.)

■ However, the Education Code provides that where the administrative decision is that the permanent certificated employee shall not be dismissed, the governing board shall be liable for all expenses of the hearing including reasonable attorney fees. (Ed. Code, § 13413, amended and renumbered as Ed. Code, § 13413, subd. (e), by Stats. 1975, ch. 1216, § 3.) Although section 13413 does not specifically refer to attorney fees upon a judicial review of the administrative action dismissing the employee, the effect of annulment of that administrative action by means of a writ of mandate is to compel the school governing board to order that the employee not be dismissed. Therefore, an award of attorney's fees is within the literal terms of the statute where the employee prevails and obtains a writ of mandate directing reinstatement.

*Holbrook* v. *Board of Education, supra,* 113 Cal.App.2d 840, relied upon by appellants, was decided in 1952, prior to the addition of Education Code section 13413, which provides for an award of attorney's fees where the employee is not dismissed.

Other contentions advanced by appellants do not require discussion.

The judgment is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied October 15, 1976, and appellants' petition for a hearing by the Supreme Court was denied November 24, 1976.