[Civ. No. 53174. First Dist., Div. Three. Feb. 24, 1982.]

STANFORD R. GAMM, Plaintiff and Respondent, v.
BOARD OF MEDICAL QUALITY ASSURANCE, Defendant and
Appellant.

**COUNSEL**

George Deukmejian, Attorney General, and John E. Barsell, Jr., Deputy Attorney General, for Defendant and Appellant.

Craig G. McIntosh and Katz & McIntosh for Plaintiff and Respondent.

**OPINION**

**BARRY-DEAL, J.**—The Board of Medical Quality Assurance (hereinafter the Board) appeals from a judgment entered after the trial court issued a peremptory writ of mandate. The writ was based on the court's finding that the Board did not timely grant a petition for reconsideration. The writ ordered the Board to set aside its decision unconditionally revoking respondent's medical license and to reinstate its original decision placing respondent on probation for five years.

This appeal raises the issue whether Government Code section 11521, subdivision (a), requires the Board, in granting reconsideration, to issue an order, or whether the Board will be deemed to have "acted" where its individual members have cast the necessary votes. The trial court ruled that the Board must issue a timely order or lose its jurisdiction to act. We agree; therefore we affirm.

On February 23, 1979, following a hearing, an administrative law judge issued a proposed decision that the medical license of respondent, Stanford R. Gamm, a psychiatrist, be revoked, but that revocation be suspended and Gamm be placed on probation for five years under certain terms and conditions. The Board adopted the proposed decision on April 18, 1979, and ordered the decision to become effective on May 18, 1979.

Pursuant to Government Code section 11521, subdivision (a), the Board's power to order reconsideration of its decision expires "30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period . . . ." It is uncontested that the Board's power to grant a petition for reconsideration expired on May 18, 1979.

On May 1, 1979, the Attorney General, on behalf of the Board, filed a petition for reconsideration. Ballots were mailed to members of the Board on May 7, 1979. In a telephone poll conducted sometime prior to May 22, 1979, the members voted four to two in favor of granting the petition. The written ballots confirming the votes were all dated on or before May 17, 1979, and were received by the program director, Vernon Leeper, prior to May 22, 1979.

On May 22, 1979, Leeper mailed a letter to the parties informing them of the Board's decision.

After reviewing the record and additional written argument by the parties, the Board unanimously decided to revoke respondent's medical license unconditionally.

Respondent's petition for a writ of mandate was granted. A peremptory writ issued ordering the Board to set aside its decision and to restore to respondent his medical license under the conditions originally imposed.

Since the controlling facts are undisputed, this appeal presents a question of law. (See *David Kikkert & Associates, Inc.* v. *Shine* (1970) 6 Cal.App.3d 112, 116 [86 Cal.Rptr. 161].)

In support of its contention that the Board "acted" on the date the last majority ballot was signed, the Board relies on *Strode* v. *Board of*

*Medical Examiners* (1961) 195 Cal.App.2d 291 [15 Cal.Rptr. 879]. Its reliance is misplaced.

In *Strode* the board revoked appellant's medical license, after which he petitioned for reconsideration. His petition was filed with the board eight days prior to the expiration of the thirty-day period during which reconsideration could be ordered. (Gov. Code, § 11521, subd. (a).) The requisite number of board members failed to vote to grant the petition. Some of the board members did not vote at all within the statutory limits. Accordingly, the petition for reconsideration was denied by operation of law. (*Strode* v. *Board of Medical Examiners, supra,* 195 Cal.App.2d at pp. 298-299; Gov. Code, § 11521, subd. (a).)

The specific question as to what constitutes "action" by the Board, i.e., the issuance of an order or the casting of votes, was not reached by the *Strode* court. Nor was it necessary to resolve this issue in reaching its decision.

In ruling that the petition for reconsideration was properly denied, that court held: "Appellant did not within 30 days receive seven affirmative votes for reconsideration; he did not receive a majority vote of six; the 'action' contemplated in section 11521, in any event, means action of the board, not that of individual members constituting less than seven; under either or both sections board inaction alone disposes of a petition for reconsideration." (*Strode* v. *Board of Medical Examiners, supra,* 195 Cal.App.2d at p. 299.)

Even if we assume that *Strode* impliedly concluded that the casting of necessary votes constitutes "action of the board," this conclusion is dictum. For the reasons stated below, we choose not to adopt it. (See *Chodos* v. *Superior Court* (1964) 226 Cal.App.2d 703, 709-713 [38 Cal.Rptr. 301].)

Government Code section 11521, subdivision (a), provides, in pertinent part: "The agency itself may *order a reconsideration* of all or part of the case on its own motion or on petition of any party. The power to *order a reconsideration* shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period .... If no action is taken on a petition within the time allowed for *ordering reconsideration* the petition shall be deemed denied." (Italics added.)

Government Code section 11519 states the general rule concerning the date a decision becomes effective. It provides, in pertinent part: "(a) The decision shall become effective 30 days after it is delivered or mailed to respondent unless: *a reconsideration is ordered* within that time, or the agency itself orders that the decision shall become effective sooner, or a stay of execution is granted." (Italics added.)

Construing the statutes so as to "accord significance to each word and phrase ..." (*Pacific Legal Foundation* v. *Unemployment Ins. Appeals Bd.* (1981) 29 Cal.3d 101, 114 [172 Cal.Rptr. 194, 624 P.2d 244]), we find that the Legislature intended that the Board "act" by issuing an order. We necessarily reject the Board's assertion that the date the written ballots were signed is controlling.

We find no merit to appellant's remaining contentions.

The judgment is affirmed.

White, P. J., and Feinberg, J., concurred.