[No. B008732. Second Dist., Div. Five. Nov. 13, 1985.]

JULIE BOURLAND, Plaintiff and Respondent, v.
COMMISSION ON PROFESSIONAL COMPETENCE OF THE
ROWLAND UNIFIED SCHOOL DISTRICT, Defendant and Respondent;
BOARD OF EDUCATION OF THE ROWLAND UNIFIED SCHOOL
DISTRICT, Real Party in Interest and Appellant.

COUNSEL

Wagner, Sisneros & Wagner and T. A. Wagner for Real Party in Interest and Appellant.

Reich, Adell & Crost and Glenn Rothner for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

**ASHBY, Acting P. J.**—Respondent Julie Bourland was a tenured certificated teacher employed by real party in interest and appellant Board of Education of the Rowland Unified School District. The board dismissed respondent and the dismissal was upheld by the Commission on Professional

Competence of the Rowland Unified School District. Respondent petitioned the superior court for a writ of mandate pursuant to Code of Civil Procedure section 1094.5. The court granted the writ of mandate, commanding the commission to set aside its decision and to reinstate respondent. The board appeals. The standard of review is whether substantial evidence supports the superior court's ruling. (*Pasadena Unified Sch. Dist.* v. *Commission on Professional Competence* (1977) 20 Cal.3d 309, 314 [142 Cal.Rptr. 439, 572 P.2d 53].)

■ In dismissing respondent the board relied solely on Education Code section 44932, subdivision (a)(7), which provides: "(a) No permanent employee shall be dismissed except for one or more of the following causes: [¶] (7) Persistent violation of or refusal to obey the school laws of the state or reasonable regulations prescribed for the government of the public schools . . . or by the governing board of the school district employing him." We find the record amply supports the trial court's conclusion that respondent did not persistently violate any law or reasonable regulation.

The controversy simply involves a failure of respondent and her principal, Arlene Simmonds, to agree upon a statement of objectives by which respondent's performance in the 1982-1983 school year would be evaluated. The process of mutually establishing such objectives emanated from a collective bargaining agreement between the board and the Association of Rowland Educators CTA/NEA, which provided, in article IX (evaluation procedures), paragraph 3, "The primary basis for Bargaining Unit member performance evaluation shall be the results achieved based upon objectives which have been mutually established by the Bargaining Unit member and his/her supervisor. When conflict arises between the Bargaining Unit member and the immediate supervisor as to reasonable student growth or reasonable Bargaining Unit member work performance expectations, the immediate supervisor's decision shall prevail. The Bargaining Unit member may write and have attached to the evaluation form any mitigating circumstances that he/she believes may hinder his/her attainment of the standards on which he/she is being evaluated." According to respondent's brief, this provision was in turn an effort to implement the Stull Act, Education Code section 44660 et seq., which requires the adoption of "objective evaluation and assessment guidelines" for evaluation and assessment of the performance of each certificated employee. (See generally *Certificated Employees Council* v. *Monterey Peninsula Unified Sch. Dist.* (1974) 42 Cal.App.3d 328 [116 Cal.Rptr. 819]; Stull, *Why Johnny Can't Read—His Own Diploma* (1979) 10 Pacific L.J. 647, 651.)

After respondent and her principal had agreed on several other objectives, the principal directed respondent "to write and include in her objectives an

objective on improving face to face communications with her supervisor and another objective relating to accurately completing tasks on time for which respondent was made responsible.'' Respondent did not write the two additional objectives.

Over the course of the next three months,[1] the principal repeatedly directed respondent to write the two additional objectives. Respondent repeatedly replied in writing to the principal's directives but refused to supply the two demanded objectives. Respondent explained to her principal several reasons why she would not write the two objectives. Primarily, respondent did not believe she was deficient in the two areas covered by the objectives nor that the principal had provided specific evidence of any such deficiencies. Since respondent did not recognize as valid the implied criticism contained in the two objectives, she did not wish to include them as her objectives, for she considered that would constitute an admission that improvement was needed.

The board's position was that the principal had authority under the collective bargaining agreement to order a teacher to submit specific objectives demanded by the principal and that, since the principal repeated her demand 14 times over a 3-month period, respondent's repeated refusal constituted a "[p]ersistent . . . refusal to obey the school laws of the state or reasonable regulations prescribed . . . by the governing board . . ." within the meaning of Education Code section 44932, subdivision (a)(7). The board dismissed respondent on this ground. The board did *not* dismiss respondent on the grounds that either inadequate face-to-face communication with the principal or tardiness or inaccuracy in completing assigned tasks justified dismissal for unprofessional conduct, incompetency, or unfitness for service. (Ed. Code, § 44932, subd. (a)(1), (4), (5).) Rather, the board in effect dismissed respondent for repeatedly refusing to admit agreement with the principal's assertion that respondent needed improvement in these two areas.

The board's interpretation is not supported by any language in the Stull Act or the collective bargaining agreement. Although the collective bargaining agreement provides that when conflict arises over work performance expectations, "the immediate supervisor's decision shall prevail," respondent was not dismissed for failing to live up to a standard imposed by the principal, she was dismissed for her disagreement itself. We do not see how the mere expression of the existence of "conflict" can constitute a violation

---

[1]November 23, December 2, December 3, December 8, December 13, December 16, 1982, and January 3, January 10, January 17, January 24, January 31, February 7, February 16, and February 22, 1983.

of the collective bargaining agreement. But in any event the difference of opinion between respondent and her principal cannot reasonably be transformed into a "persistent" violation of rules based on the fact that the parties stubbornly continued to debate the matter over a period of three months and the principal reiterated her demand fourteen times. Unlike *San Dieguito Union High School Dist.* v. *Commission on Professional Competence* (1982) 135 Cal.App.3d 278, 287 [185 Cal.Rptr. 203], cited by the board, this case does not involve persistently repeated acts of conduct affecting the students.[2] Absent any conduct in violation of school rules, the dragging on of the private debate between respondent and her principal does not indicate the type of continual insubordination that may seriously affect the discipline in a school. (See *Governing Board of the Oakdale Union School Dist.* v. *Seaman* (1972) 28 Cal.App.3d 77, 83 [104 Cal.Rptr. 64].) The trial court properly concluded that the evidence did not support the charge under Education Code section 44932, subdivision (a)(7).

■ The trial court's judgment in favor of respondent properly included an award of her costs and reasonable attorney's fees incurred at the commission and the superior court levels. (*de Groat* v. *Newark Unified School Dist.* (1976) 62 Cal.App.3d 538, 542 [133 Cal.Rptr. 225]; Ed. Code, § 44944.) Having prevailed on appeal, respondent is also entitled to costs and reasonable attorney's fees incurred on appeal. (*Board of Education* v. *Commission on Professional Competence* (1980) 102 Cal.App.3d 555, 566 [162 Cal.Rptr. 590]; *Russell* v. *Thermalito Union School Dist.* (1981) 115 Cal.App.3d 880, 884 [176 Cal.Rptr. 1]; *Forker* v. *Board of Trustees* (1984) 160 Cal.App.3d 13, 21-22 [206 Cal.Rptr. 303].)

The judgment is affirmed. Respondent to receive costs on appeal. The cause is remanded to the trial court with directions to determine reasonable attorney's fees incurred by respondent on appeal and to add such fees to the judgment.

Hastings, J., and Eagleson, J., concurred.

---

[2] In the *San Dieguito* case there was a persistent failure to prepare timely lesson plans for substitute teachers.