[No. B069264. Second Dist., Div. Four. May 18, 1994.]

ROBERT R. DAVENPORT, Plaintiff and Appellant, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant and
Respondent.

COUNSEL

Robert R. Davenport, in pro. per., for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Charlton G. Holland III, Assistant Attorney General, John H. Sanders and Jill P. Armour, Deputy Attorneys General, for Defendant and Respondent.

OPINION

VOGEL (C. S.), J.—Plaintiff and appellant Robert R. Davenport appeals from the judgment denying his petition for a writ of administrative mandamus (Code Civ. Proc., 1094.5) to review the decision of defendant and respondent California Unemployment Insurance Appeals Board (CUIAB or Board) which denied Davenport unemployment insurance compensation.

Davenport was a student at the University of Southern California. He was employed by the university as a student worker, a job position open only to students. After losing this job, he was denied unemployment compensation on the ground that this job was exempted from covered employment by Unemployment Insurance Code section 642. That section provides in pertinent part: " 'Employment' does not include service performed in the employ of a school, college, or university, if such service is performed: [¶] (a) By a student who is enrolled and is regularly attending classes at such school, college, or university . . . ."

A regulation of the Director of Employment Development interprets this statute and provides in pertinent part: "An employee who performs service for the school, college, or university as an incident to, and for the purpose of pursuing a course of study at such school, college, or university has the status of a student for the purpose of this section. If the course of study is incidental to the employment, the exemption shall not apply." (Cal. Code Regs., tit. 22, 642(a)-1, subd. (c).)

The theory of Davenport's case is that because his course of study was in the cinema department and his job was in the business school, his job was not exempt, because it did not directly further his course of study. His argument was rejected by the administrative law judge (or ALJ), the Board, and the trial court.

Davenport contends the administrative law judge and the Board misinterpreted the regulation as applied to undisputed facts of his case. The interpretation of the regulation and its application to undisputed facts are questions of law for this court's independent review. (*David Kikkert & Associates, Inc.* v. *Shine* (1970) 6 Cal.App.3d 112, 116 [86 Cal.Rptr. 161].) Because we agree with the previous rulings, we affirm the judgment.

## FACTS

Davenport was a full-time student in graduate studies. His studies were in the School of Cinema-Television. His job was in the School of Business Administration.[1] Davenport's job category was student worker. This position was available only to students. It was a "nonbenefits" position because the university did not provide a funding pool for unemployment benefits for this position. Davenport was informed when he took the position that it was not eligible for benefits. Although Davenport's position was described as "faculty assistant" by the School of Business Administration, it contrasted with

---

[1]Davenport already had a master of business administration degree. At the time of the administrative hearing, he was also a member of the State Bar of California.

graduate assistant teaching positions, which involved a substantial tuition remission. Davenport was not given or offered a graduate teaching position or tuition remission.

The purpose of the student worker position was to assist students financially to enable them to attend school. The university was not always able to provide a job position in the same school or department the student was attending. There was a common university payroll, rather than a separate financial structure for each college.

Davenport testified at the administrative hearing that he was qualified for the job by his past education, was performing it in order to earn money, and that the job had absolutely nothing to do with his education in cinema studies. The administrative law judge commented "there's no controversy that you were not in the same school where you were working."

### ALJ Decision

The decision of the administrative law judge states in pertinent part, "[Davenport] was primarily a student at the university. While a student, he applied for a job that is available only to students. Even though his work was performed in a different college than the one he was attending, both are part of the same university system and the same payroll system. His eligibility for the job was premised on his being a student at the university." Therefore, the administrative law judge held, Davenport's employment was in an exempt position not eligible for benefits.

### CUIAB Decision

Respondent Board affirmed the decision of the administrative law judge. Respondent's decision stated, in pertinent part, "The claimant's appeal stresses the difference between being enrolled in one college while teaching in a different one in the same university. We believe such a differentiation is not recognized in the statute or in the implementing regulation. The last sentence in subsection (a) of section 642, title 22, California Code of Regulations, clearly indicates that the words 'school, college, or university' are merely descriptive of the institution by whom the employee is employed and not descriptive of various subentities within the school, college or university."[2]

---

[2]Respondent was referring to California Code of Regulations, title 22, section 642(a)-1, subdivision (a), which provides, "For purposes of Section 642 of the code, 'school, college, or university' shall be taken in the commonly or generally accepted sense. The amount of

TRIAL COURT DECISION

The trial court's minute order denying Davenport's petition for a writ of administrative mandamus states, "Matter is called for trial. Petition is denied as it was not well founded."

DISCUSSION

 Davenport contends "[t]he California Unemployment Insurance Appeals Board has violated their regulations." Davenport points out that, when subdivisions (a) and (c) of the regulation are read together,[3] it is theoretically possible for a person to be both a student and an employee at the same university, with the studies merely incidental to the employment.

Davenport erroneously applies this theoretical possibility to his own case, however. Here, as pointed out by the administrative law judge, the undisputed evidence showed that Davenport was employed in a position available only to students regularly enrolled in the university, the purpose of which was to provide financial assistance to students to enable them to pursue their studies. In these circumstances, the job, regardless of its character or place performed, was incidental to the studies, not the other way around.[4]

Moreover, to construe the regulation, as Davenport advocates, to mean that in order to be exempt from covered employment the job must have educational content which is directly related to the student's particular course of study, would impermissibly allow the Director of Employment Development by regulation to modify, alter, or enlarge Unemployment Code

remuneration for the service, the type of [sic] character or [sic] the service, and the place where service is performed are immaterial, except as provided in subdivision (c) of this section. The statutory tests under Section 642 of the code are whether the organization is a school, college, or university and whether the employee is a student who is enrolled and is regularly attending classes at the institution employing him."

[3]"(a) . . . The amount of remuneration for the service, the type of [sic] character or [sic] the service, and the place where service is performed are immaterial, except as provided in subdivision (c) of this section. [¶] . . . [¶] (c) . . . If the course of study is incidental to the employment, the exemption shall not apply." (Cal. Code Regs., tit. 22, § 642(a)-1.)

[4]We agree with Davenport that an example given in the CUIAB's decision, of a student at University of California at Los Angeles working at University of Southern California, was inapt. At the administrative hearing, however, the university's representative, Ms. Croy, gave a better example of a case which would more nearly fit the rule posed by Davenport: suppose "he goes over to the other side of campus to somebody who doesn't have any idea that he's a student on campus . . . and says, I'm applying for a part time position here . . . and they give him a regular position for anyone who walks off the street with qualifications to do it and is hired as a regular employee with benefits and FICA and everything else."

section 642, which by its plain language contains no exception. (See *Nadler v. California Veterans Board* (1984) 152 Cal.App.3d 707, 718 [199 Cal.Rptr. 546].)

OTHER ISSUES

Davenport also raises several procedural issues which lack merit.

Davenport inexplicably contends that he was not afforded a hearing on his petition for writ of administrative mandamus. The record shows to the contrary. The joint appendix on appeal contains the trial court's minute order for April 14, 1992, which shows that Davenport was present in propria persona and that "Matter is called for trial. Petition is denied as it was not well founded."

Davenport contends that he was denied a record of the hearing. Again, the record shows to the contrary. The minute order for the hearing shows the presence of an electronic recording monitor, T. Blaylock. Davenport could have obtained a transcript on appeal. (Code Civ. Proc., § 270, subds. (d), (e).) The burden is on the appellant to produce an adequate record on appeal affirmatively demonstrating error. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 [224 Cal.Rptr. 664, 715 P.2d 624].) Davenport has failed to sustain his burden to produce the record.

 Davenport contends that the trial court erroneously denied him a statement of decision. This contention lacks merit because Davenport fails to show that he was entitled to a statement of decision. Code of Civil Procedure section 632 requires a statement of decision, if timely requested, "upon the trial of a question of fact by the court." Here, Davenport contended that the transcript of the administrative record showed that respondent Board erred as a matter of law in its application of the regulation to the facts of Davenport's case. The court found the petition "not well founded." The petition was denied on a question of law, not a trial of disputed facts, therefore a statement of decision was not required. (*Enterprise Ins. Co. v. Mulleague* (1987) 196 Cal.App.3d 528, 538-539 [241 Cal.Rptr. 846].) To put it another way, because we independently review the question of law, the absence of a statement of decision is not prejudicial to Davenport. (*Palm v. Schilling* (1988) 199 Cal.App.3d 63, 67 [244 Cal.Rptr. 600]; *City of Coachella v. Riverside County Airport Land Use Com.* (1989) 210 Cal.App.3d 1277, 1291-1292 [258 Cal.Rptr. 795].)

## DISPOSITION

The judgment is affirmed.

Woods (A. M.), P. J., and Klein (Brett), J.,* concurred.

---

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.