Opinion
MALLANO, J.
This case raises the question of whether Vehicle Code section 16020,[1] subdivision (a), requires drivers and owners of motor vehicles to carry not only evidence of the name of their insurance company and the number of the their insurance policy but also evidence that their insurance policy is currently in effect. We conclude that it does not.
*Supp. 3 Linda Darlene Latif (hereinafter appellant) was involved in an accident on December 5, 1994, and was cited on that date for violating section 16020, subdivision (a). Appellant contested the citation, and the case was tried.
Officer Young testified that on December 5,1994, he investigated a traffic accident in which appellant’s vehicle had been rear-ended. Officer Young asked appellant “for her insurance, which she did not have with her.
Subsequently, later on, she was cited for not having insurance in the vehicle with her and not presenting it at the scene of the traffic accident. Just shy of me leaving the scene, somebody from her office came and brought proof of insurance, which is why I crossed off the 16025(a) violation as she eventually showed proof.”
Appellant testified that, at Officer Young’s request, she showed him an insurance card that included on its face the name of appellant’s insurance company, her insurance policy number, and an expiration date of July 20, 1994. That insurance card was introduced into evidence. Appellant also introduced into evidence another insurance card issued by the same insurance company for the same policy, but which showed that the policy was in effect on December 5, 1994, the date on which appellant was cited.
Officer Young testified that he did not recall whether appellant had showed him the expired card, and that he “would not have accepted this because it is expired.”
Appellant argued at trial that she could not be found guilty of violating section 16020, subdivision (a), because, “All it requires is that you have in writing the name of the carrier and the policy number. It does not require that there be anything on the writing that indicates specific dates.” The trial court disagreed. “It says that the proof has to show that it’s in effect for the vehicle. The only way you can show a policy is in effect is by having a date that reflects that it is current and in effect. If the date on the certificate reflects that it is expired, that certificate no longer shows that that insurance is in effect for that vehicle.” The trial court found appellant guilty of the charged infraction.
On appeal, appellant contends that the trial court erred in determining that section 16020, subdivision (a), required her to carry evidence that her automobile insurance was currently in effect. Appellant argues that she complied with the statute by producing to the officer “a card carrying both the name of the insurance company and the policy number in writing.”
Subdivision (a) of section 16020 mandates that “Every driver and every owner of a motor vehicle shall at all times be able to establish financial *Supp. 4 responsibility pursuant to Section 16021, and shall at all times carry in the vehicle evidence of the form of financial responsibility in effect for the vehicle.” (Italics added.) Thus, the statute imposes two separate obligations upon drivers and owners of motor vehicles.
The first requirement is that drivers and owners “be able to establish financial responsibility pursuant to Section 16021.” (§ 16020, subd. (a).) Section 16021 provides that “Financial responsibility of the driver or owner is established if the driver or owner of the vehicle involved in an accident described in Section 16000 is: HD . . . fiD (b) An insured or obligee under a form of insurance or bond which complies with the requirements of this division and which covers the driver for the vehicle involved in the accident.” Thus, this requirement mandates that drivers and owners in fact be financially responsible in one of the manners set forth in section 16021. (Ruttenberg v. Department of Motor Vehicles (1987) 194 Cal.App.3d 1277, 1283-1285 [240 Cal.Rptr. 249].) In this case, it is undisputed that appellant was in fact insured on the date in question.
The second requirement of section 16020, subdivision (a), is that drivers and owners “carry” in their vehicles “evidence of the form of financial responsibility in effect for the vehicle.” (Italics added.) Upon first blush, the use of the words “in effect” seems to support the trial court’s decision that section 16020 mandates that drivers and owners carry evidence that their vehicle’s insurance policy is in effect. Yet, when the language of the statute delineating the meaning of the term “evidence of financial responsibility” is analyzed, we conclude that the trial court was in error.
Subdivision (b) of section 16020 provides that “ ‘Evidence of financial responsibility’ means any of the following: [*]Q (1) The name of the insurance or surety company that issued a policy or bond for the vehicle that meets the requirements of Section 16056 and is currently in effect, and the number of the insurance policy or surety bond.” (Italics added.) Thus, appellant is correct in asserting that the plain language of the statute only requires that drivers and owners “carry” evidence of the name of their insurance company (that issued a policy that is in effect) and the number of the policy. The language of the statute does not require that drivers and owners “carry” evidence that their vehicle’s insurance policy has not expired. Had the Legislature intended to require drivers and owners to carry such evidence, it easily could have done so.
A reading of subdivision (d) of section 16020 also supports our conclusion that the language in subdivision (b)(1) of section 16020 should be taken on its face. Subdivision (d) provides that “For purposes of this section [i.e., *Supp. 5 § 16020], ‘evidence of financial responsibility’ shall be in writing, and established by writing the name of the insurance company or surety company and the policy number on the vehicle registration card issued by the department.” Thus, a driver or owner may comply with section 16020 simply by writing on his or her vehicle registration card two items—the name of his or her insurance company and the policy number. In this respect, we take judicial notice that the following notice appears at the bottom of the back side of the vehicle registration cards issued by the Department of Motor Vehicles:[2]
“Important: California law requires that every driver or owner of a vehicle shall at all times maintain automobile liability insurance or another form of financial responsibility. The space below is provided for your vehicle insurance information. Insurance Co. Name_ Policy Number_”
(Evid. Code, §§ 452, subd. (h), 459, subd. (a).)[3] No space is provided for a policy’s expiration date.
For the reasons discussed above, we conclude that the trial court erred in this case by requiring more “evidence of financial responsibility” than is required by law. Considering the relatively minor nature of the infraction involved in this case, we have determined that it would not be in the interest of justice to retry appellant. (Cf. People v. Bighinatti (1975) 55 Cal.App.3d Supp. 5, 7 [127 Cal.Rptr. 310].) Accordingly, the judgment is reversed with directions to the trial court to dismiss the complaint.
Roberson, J., and Johnson, J., concurred.

 Unless otherwise noted, all statutory references herein are to the Vehicle Code.

 A copy of the reverse side of a vehicle registration card issued by the Department of Motor Vehicles appears as an appendix, post, at page Supp. 6.

 For the purposes of subdivisions (c) and (d) of Evidence Code section 459, our taking judicial notice of this fact is not of substantial consequence to the determination of this appeal.