[No. S105798. Dec. 29, 2003.]

HARRY BONNELL, Plaintiff and Respondent, v.
MEDICAL BOARD OF CALIFORNIA, Defendant and Appellant.

COUNSEL

Bill Lockyer, Attorney General, Carlos Ramirez, Assistant Attorney General, Barry D. Ladendorf and Heidi R. Weisbaum, Deputy Attorneys General, for Defendant and Appellant.

Law Offices of Richard K. Turner, Richard K. Turner; John J. Sansome, County Counsel (San Diego) and Thomas D. Bunton, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**WERDEGAR, J.**—We address in this case the proper interpretation of Government Code section 11521, subdivision (a) (hereafter section 11521(a))[1] concerning the length of time a state administrative agency can stay its decision in order to review a petition for reconsideration once the petition has been filed. In this case, the Medical Board of California issued a 28-day stay to review an already filed petition. The trial court held that section 11521(a) allows a maximum 10-day stay. The Court of Appeal reversed. We reverse the judgment of the Court of Appeal.

---

[1] All further statutory references are to the Government Code unless otherwise stated.

## FACTUAL AND PROCEDURAL BACKGROUND

The Attorney General, representing the Medical Board of California (the Board), filed charges of gross negligence, repeated negligent acts, and incompetence against Dr. Harry Bonnell in connection with two autopsies he performed while serving as chief deputy medical examiner for San Diego County. A hearing was held before an administrative law judge (ALJ) who recommended that the Board's accusations be dismissed. The Board adopted the ALJ's decision on July 12, 2000, ordering that it take effect at 5:00 p.m. on August 11, 2000.

On August 9, 2000, two days before the effective date of the decision, the Attorney General filed a petition for reconsideration. The next day, the Attorney General filed a request pursuant to section 11521(a) for a stay of the Board's decision in order to give the Board additional time to review the petition. On August 11, the Board granted a 28-day stay, extending the effective date of the decision from August 11 to September 8. The order stated the stay was granted "solely for the purpose of allowing the Board time to review and consider the Petition for Reconsideration."

Bonnell thereafter filed a timely petition for writ of administrative mandate in the superior court. While that petition was pending, the Board on September 6 granted the Attorney General's petition for reconsideration. The next day, the trial court issued an alternative writ of mandate, commanding the Board to set aside its 28-day stay or to show cause why it should not be set aside.

Following an evidentiary hearing, the trial court held that section 11521(a) allowed the Board to grant only a maximum 10-day stay to review an already filed petition and that the Board's order for reconsideration was therefore void for lack of jurisdiction. The Court of Appeal reversed. We granted Bonnell's petition for review.

## DISCUSSION

 Section 11521(a), part of the Administrative Procedure Act (APA) (§ 11340 et seq.), authorizes a state agency to order a reconsideration of its own administrative adjudication. Section 11521(a) states: "The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if that date occurs prior to the expiration of the 30-day period or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing

an application for reconsideration. If additional time is needed to evaluate a petition for reconsideration filed prior to the expiration of any of the applicable periods, an agency may grant a stay of that expiration for no more than 10 days, solely for the purpose of considering the petition. If no action is taken on a petition within the time allowed for ordering reconsideration, the petition shall be deemed denied."

Before the enactment of section 11521(a), we recognized that in the absence of statutory authority, administrative agencies generally lacked the power to order reconsiderations. (*Olive Proration etc. Com. v. Agri. etc. Com.* (1941) 17 Cal.2d 204, 209 [109 P.2d 918]; *Heap v. City of Los Angeles* (1936) 6 Cal.2d 405, 407–408 [57 P.2d 1323].) Section 11521(a) was enacted in 1945 (Stats. 1945, ch. 867, § 1, p. 1634) and amended in 1953 to add the final segment of the second sentence, which provides for a stay of "not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration" (Stats. 1953, ch. 964, § 1, p. 2340). In 1987 the statute was amended to include the third sentence, providing for a maximum 10-day stay "solely for the purpose of considering the petition" (Stats. 1987, ch. 305, § 1, pp. 1369–1370). Section 11521(a) applies to the Board. (§§ 11500, subd. (a), 11373.)

The trial court concluded the language in section 11521(a) allowed the Board to grant only a maximum 10-day stay to review an already filed petition. The Court of Appeal disagreed. Relying on *Koehn v. State Board of Equalization* (1958) 166 Cal.App.2d 109 [333 P.2d 125] (*Koehn*), the court held that the second sentence in section 11521(a), providing a maximum 30-day stay "for the purpose of filing an application for reconsideration," also allowed a 30-day stay to review petitions that had already been filed.

*Koehn*, the only case factually analogous to the one before us, was decided almost 30 years before the 1987 amendment that added to section 11521(a) the provision for a maximum 10-day stay "solely for the purpose of considering the petition." In *Koehn*, the agency decision at issue was to become effective on September 21. (*Koehn, supra,* 166 Cal.App.2d at p. 112.) A petition for reconsideration was filed on September 10, and a 22-day stay was granted on September 17. (*Ibid.*) Koehn argued the 22-day stay was unlawful because the petition for reconsideration had been filed prior to the issuance of the stay and therefore could not qualify as "a stay for the purpose of filing an application for reconsideration [as provided in section 11521(a)], because such an application was then on file." (*Id.* at p. 113.) In rejecting the argument, the *Koehn* court relied upon the rule of statutory construction that " 'where the language of a statute is . . . reasonably susceptible of either of two constructions, one which, in its application, will render it reasonable, fair, and just, . . . and another which, in its application, would be productive of

absurd consequences, the former construction will be adopted.' " (*Id.* at pp. 114–115.) Limiting the maximum 30-day stay to apply only where a petition for reconsideration had yet to be filed, the court reasoned, "would result in the absurd situation, that if one desiring reconsideration would withhold filing his petition the board could stay for 30 days the effective date of the decision, but if he filed such petition it could not and would have to determine his petition before the effective date of the order arrived." (*Id.* at p. 114.) Thus, the "absurdity" consisted in the circumstance that the agency would have less time to review—and hence would be more likely to deny—the petition of a diligent petitioner than that of a dilatory one. The court concluded "the [30-day] stay provided for is not just to allow additional time for the *filing* of the petition but is also to allow additional time to consider it and to *order* reconsideration if deemed advisable. This would necessarily apply to a petition already filed as well as to one that was to be filed. This is the common sense construction of the statute." (*Ibid.*)

The Court of Appeal in the present case determined that the 1987 amendment adding to section 11521(a) the maximum 10-day stay "solely for the purpose of considering the petition" did not remedy the problem identified in *Koehn*, but instead supported the *Koehn* interpretation. It held that section 11521(a) allows an agency to grant a maximum 30-day stay either to allow a party to file a petition for reconsideration or to allow an agency to review an already filed petition, and that the maximum 10-day stay allows an agency an additional 10 days, if necessary, to review an already filed petition.

"We begin our discussion with the oft-repeated rule that when interpreting a statute we must discover the intent of the Legislature to give effect to its purpose, being careful to give the statute's words their plain, commonsense meaning." (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919 [129 Cal.Rptr.2d 811, 62 P.3d 54].) In undertaking this task, we adhere to the guideline that "[i]f the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary." (*Ibid.*) When the statutory language is unambiguous, " 'we presume the Legislature meant what it said and the plain meaning of the statute governs.' " (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1047 [80 Cal.Rptr.2d 828, 968 P.2d 539].) Statutory language is not considered in isolation. Rather, we "instead interpret the statute as a whole, so as to make sense of the entire statutory scheme." (*Carrisales v. Department of Corrections* (1999) 21 Cal.4th 1132, 1135 [90 Cal.Rptr.2d 804, 988 P.2d 1083].)

### A. *The Language of Section 11521(a) Is Unambiguous*

■ As previously discussed, section 11521(a) specifies the amount of time an administrative agency has to order a reconsideration of its own

decision and states that if no action is taken by the agency within the time allowed, the petition is deemed denied. (§ 11521(a); *Gamm v. Board of Medical Quality Assurance* (1982) 129 Cal.App.3d 34, 35–36 [181 Cal.Rptr. 23].) The second sentence of the statute provides the general rule that "[t]he [agency's] power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent . . .." (§ 11521(a).) The statute then states two exceptions. An agency may, pursuant to the second segment of the second sentence, shorten the standard 30-day period in which to order a reconsideration by making its decision effective on a date "prior to the expiration of the 30-day period." (*Ibid.*) Alternatively, pursuant to the third segment of the second sentence, an agency can lengthen its period to act by making its decision effective "at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration"[2] (§ 11521(a)), provided this maximum 30-day stay is granted within the initial 30-day (or less) period (§ 11519, subd. (a); see *Koehn, supra*, 166 Cal.App.2d at p. 113). The third sentence of section 11521(a) provides that "[i]f additional time is needed to evaluate a petition for reconsideration" after "the expiration of any of the [three] applicable periods," a maximum 10-day stay may be granted.

■ Turning to the question in this case, we find it evident that once a petition for reconsideration has been filed, an agency may no longer grant the maximum 30-day stay authorized by the second sentence of section 11521(a); the plain language of the statute dictates that the maximum 30-day stay is "for the purpose of *filing* an application for reconsideration." (§ 11521(a), italics added.) We agree with Bonnell that once a petition has been filed, any stay that is granted can only be "solely for the purpose of considering the petition" (*ibid.*) and must be limited to 10 days.

■ Our construction limiting the Board to a 10-day stay for already filed petitions does not, of course, mean that an administrative agency will always have only 10 days to review a filed petition for reconsideration. Like the original 30-day (or less) period, the maximum 30-day stay period is not *solely* for the purpose of filing a petition. If, for example, the petitioner were to file on the fifth day of the 30-day stay, the agency would have 25 days remaining to evaluate the petition. If, at the end of this period, the agency believed it needed additional time to review the petition, it could grant a maximum 10-day stay. The word "solely," therefore, which is found in the third sentence restricting the purpose of the 10-day stay, is presumably omitted

---

[2] "The power to order reconsideration expires (a) 30 days after delivery or mailing of the decision to the respondent, (b) on an earlier date on which the decision becomes effective, or (c) on the termination of a stay of no more than 30 days granted for the purpose of filing an application for reconsideration." (9 Witkin, Cal. Procedure (4th ed. 1997) Administrative Proceedings, § 101, p. 1146.)

from the last segment of the second sentence, authorizing a 30-day stay, to enable an agency to begin evaluating a petition as soon as it is filed. This comports with the language in the third sentence, which indicates that the maximum 10-day stay is not mandatory, but available "[i]f additional time is needed to evaluate a petition." (§ 11521(a).) The third sentence presumes the agency may already have had sufficient time to evaluate the petition.

The Attorney General argues that limiting agencies to a 10-day stay for consideration of already filed petitions will result in the same absurdity recognized in *Koehn, supra,* 166 Cal.App.2d 109, in that "[t]he more diligent party is penalized while the more dilatory one is rewarded." (See *ante,* at pp. 1260–1261.)

While "[w]e avoid any construction that would produce absurd consequences" (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 578 [110 Cal.Rptr.2d 809, 28 P.3d 860]), construing the plain language of section 11521(a) to allow a maximum 10-day stay for review of already filed petitions results in no absurdity. In amending section 11521(a) to add the 10-day stay provision, the Legislature resolved the apparent absurdity identified by the *Koehn* court. Implicit in the statutory amendment is a legislative determination that an agency needs, at most, 10 days to review a petition. This is because, at the extreme, if a party were to file the day before the effective date or on the last day of a 30-day stay and the agency then granted a 10-day stay, the agency would have at most 10 days to decide whether to grant the petition.[3] If 10 days is in fact insufficient time for agency review, or if dilatory parties are accorded some advantage, this "absurdity" is best addressed by the Legislature. It is not our function to "inquir[e] into the 'wisdom' of underlying policy choices." (*People v. Bunn* (2002) 27 Cal.4th 1, 17 [115 Cal.Rptr.2d 192, 37 P.3d 380].) "[O]ur task here is confined to statutory construction." (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 446 [71 Cal.Rptr.2d 452, 950 P.2d 567].)

### B. *Legislative Intent*

The Attorney General maintains that even if the 1987 amendment to section 11521(a) undermines the reasoning of *Koehn, supra,* 166 Cal.App.2d 109, we should nonetheless adhere to its holding, because the Legislature presumably was aware of the *Koehn* interpretation and, by not altering the second sentence of the statute, acquiesced in it. Applying this rule of construction is unwarranted because we have determined the language of section 11521(a) is clear and unambiguous. (*Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 323 [87 Cal.Rptr.2d 423, 981 P.2d 52].)

---

[3] Of course, the 10-day stay provision has no bearing on the time allowed to decide the merits of the claims made in a petition for rehearing. (See §§ 11521, subd. (b), 11517.)

For the same reason we decline to review the legislative history relating to the 1953 amendment adding the 30-day stay provision to section 11521(a) and the 1987 amendment adding the maximum 10-day stay. ■ We have consistently stated that when statutory language is clear and unambiguous, resort to the legislative history is unwarranted. (*People v. Johnson* (2002) 28 Cal.4th 240, 247 [121 Cal.Rptr.2d 197, 47 P.3d 1064]; see also *Preston v. State Bd. of Equalization* (2001) 25 Cal.4th 197, 213 [105 Cal.Rptr.2d 407, 19 P.3d 1148].) We adhere to that position here.

## C. *Deference to the Board's Interpretation of Section 11521(a)*

The Attorney General argues that the Board has consistently interpreted section 11521(a) to allow a maximum 30-day stay for evaluating already filed petitions and contends that the Board's interpretation is entitled to deference. He cites to a declaration by David T. Thornton, chief of enforcement for the Board,[4] and directs our attention to a page from the Board's Discipline Coordination Unit Procedure Manual entitled "Request for MBC Stay."[5] Even were we to assume these two items from the record are conclusive proof that the Board has consistently interpreted section 11521(a) as the Attorney General argues, the purported Board interpretation is not entitled to judicial deference.

We addressed the issue of judicial deference to administrative agency statutory interpretation in *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1 [78 Cal.Rptr.2d 1, 960 P.2d 1031] (*Yamaha*). In *Yamaha*, the Court of Appeal had determined a State Board of Equalization publication represented the dispositive interpretation of Revenue and Taxation Code section 6008 et seq. (*Yamaha, supra*, at pp. 5–6.) In reversing and remanding, we acknowledged that while "agency interpretation of the meaning and legal effect of a statute is entitled to consideration and respect by the courts" (*id.* at p. 7), "agency interpretations are not binding or . . . authoritative" (*id.* at p. 8). "Courts must, in short, independently judge the text of [a] statute . . . ." (*Id.* at p. 7.) We determined that the weight accorded to an agency's interpretation is "fundamentally situational" (*id.* at p. 12, italics

---

[4] Thornton's declaration states: "It is [the Board's] position that section 11521(a) allows for a 30-day stay . . . for the purpose of both filing and reviewing a petition for reconsideration. . . . The ten days is added to the initial stay period."

[5] "MBC" stands for Medical Board of California. The page describes a stay request and explains that stays "are generally requested . . . in order to allow time to prepare and file a Petition for Reconsideration. The agency can also grant its own stay to allow time to consider a Petition for Reconsideration . . . . [¶] . . . [¶] An additional 10 day stay may be granted solely to allow the voting body sufficient time to vote on the matter." The Attorney General posits that because the text describing the 10-day stay appears in a lower, separate paragraph on the page in the manual, the Board necessarily believed the 30-day stay applied to already filed petitions.

omitted) and "turns on a legally informed, commonsense assessment of [its] contextual merit" (*id.* at p. 14). ■ *Yamaha* set down a basic framework of factors as guidance and concluded that the degree of deference accorded should be dependent in large part upon whether the agency has a " 'comparative interpretative advantage over the courts' " and on whether it has arrived at the correct interpretation. (*Id.* at p. 12.)

■ Applying these basic principles of judicial review, our deference is unwarranted here. The Board's interpretation is incorrect in light of the unambiguous language of the statute. We do not accord deference to an interpretation that is " 'clearly erroneous.' " (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 309 [58 Cal.Rptr.2d 855, 926 P.2d 1042]; *Yamaha, supra,* 19 Cal.4th at p. 14.) Furthermore, section 11521(a) is not a regulation promulgated by the Board, but a legislative enactment applicable to a wide range of administrative agencies. We are less inclined to defer to an agency's interpretation of a statute than to its interpretation of a self-promulgated regulation. (*Yamaha, supra,* at p. 12.) Nor does the Board have any particular expertise in interpreting widely applicable administrative adjudication statutes. (*Ibid.*; see *California Advocates for Nursing Home Reform v. Bontá* (2003) 106 Cal.App.4th 498, 505–506 [130 Cal.Rptr.2d 823] [declining to accord deference to regulations promulgated by the Dept. of Health Services pursuant to the APA].) While the Board is generally required to adhere to the provisions of the APA (Bus. & Prof. Code, § 2230), this responsibility is incidental to its primary duty to carry out disciplinary actions against members of the medical profession (*id.,* § 2004).

■ In sum, we agree with Bonnell that section 11521(a) is unambiguous and allows a maximum 10-day stay for agency review of an already filed petition for reconsideration. As a result, the Board's decision to order a reconsideration is void for lack of jurisdiction. (*American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017, 1042 [56 Cal.Rptr.2d 109, 920 P.2d 1314] ["An administrative agency must act within the powers conferred upon it by law and may not act in excess of those powers. . . . Actions exceeding those powers are void"]; *Ginns v. Savage* (1964) 61 Cal.2d 520, 525 [39 Cal.Rptr. 377, 393 P.2d 689] [agency's power to order reconsideration expires on the date set as the effective date of the decision].)

## DISPOSITION

The judgment of the Court of Appeal is reversed.

George, C. J., Kennard, J., Baxter, J., Chin, J., Brown, J., and Moreno, J., concurred.