Antron TOMLINSON, et al, Plaintiff,

v.

INDYMAC BANK, F.S.B., et al, Defendant(s).

No. SACV 04–294 JVS.

United States District Court, C.D. California.

Feb. 18, 2005.

892

Aashish Y. Desai, Jon R. Mower, Patrick A. Carreon, James A. Burton, Mower Carreon & Desai, Irvine, CA, for Plaintiffs.

Deborah C. Saxe, Matthew M. Yu, Heller Ehrman White & McAuliffe, for Defendants.

*Order re Motion for Judgment on the Pleadings re (1) Remedies Under § 17200, and (2) Statute of Limitations*

SELNA, District Judge.

Defendants Indymac Bank, F.S.B. and Indymac Resources, Inc. (collectively, "In-

dymac") have filed the instant motion for judgment on the pleadings regarding the remedies available under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"), and the applicable statute of limitations for Plaintiffs' claim for penalties under Cal.Civ. Proc.Code § 226.7 ("Section 226.7").

## I. *BACKGROUND*

Plaintiffs have alleged violations of the Fair Labor Standards Act of 1938 ("FLSA") and the UCL. The Complaint seeks to recover unpaid overtime compensation, liquidated damages, compensation for unlawfully withheld wages, meal and rest break violations, and statutory penalties. Complaint, ¶ 2.

## II. *LEGAL STANDARD*

Fed.R.Civ.P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001). Allegations of fact by the non-moving party are accepted as true and are construed in the light most favorable to that party. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989).

## III. *DISCUSSION*

 The Court begins its analysis by addressing an issue that permeates the motion: whether penalties are available in a UCL action. The California Supreme Court repeatedly has held that "under the UCL, 'prevailing plaintiffs are generally limited to injunctive relief and restitution.'" *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1144, 131

Cal.Rptr.2d 29, 63 P.3d 937 (2003) (*quoting Cel–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999)); *Cortez v. Purolator Air Filtration Prods. Co.,* 23 Cal.4th 163, 176, 96 Cal.Rptr.2d 518, 999 P.2d 706 (2000). Clearly, compensatory damages are not available under § 17203. *See, e.g., Korea Supply Co.,* 29 Cal.4th at 1144, 131 Cal.Rptr.2d 29, 63 P.3d 937; *Cortez,* 23 Cal.4th at 173, 96 Cal.Rptr.2d 518, 999 P.2d 706; *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1266, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992). The reason for this distinction is that the legislature, when it enacted the UCL, sought to "affirm the general equity power of the courts, particularly the power to order restitution." *Cortez,* 23 Cal.4th at 173, 96 Cal.Rptr.2d 518, 999 P.2d 706 (internal quotations omitted).

 The question therefore presented is whether the remedies sought by Plaintiffs are properly characterized as restitutionary (and thus recoverable), or as compensatory damages (unrecoverable). An order for restitution is one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is, to persons who had an ownership interest in the property or those claiming through that person." *Korea Supply Co.,* 29 Cal.4th at 1144–45, 131 Cal.Rptr.2d 29, 63 P.3d 937 (*quoting Kraus v. Trinity Mgmt. Servs., Inc.,* 23 Cal.4th 116, 126–27, 96 Cal.Rptr.2d 485, 999 P.2d 718 (2000)) (internal quotations omitted). Restitution is broad enough, however, to "allow a plaintiff to recover money or property in which he or she was a vested interest." *Korea Supply Co.,* 29 Cal.4th at 1149, 131 Cal.Rptr.2d 29, 63 P.3d 937; *Cortez,* 23 Cal.4th at 178, 96 Cal.Rptr.2d 518, 999 P.2d 706. The goal of restitution is to restore the *status quo ante*

as nearly as possible. *Cortez*, 23 Cal.4th at 177, 96 Cal.Rptr.2d 518, 999 P.2d 706.

Damages, however, are defined by Cal. Civ.Code § 3281, which states that, "[e]very person who suffers from detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." *Cortez*, 23 Cal.4th at 174, 96 Cal.Rptr.2d 518, 999 P.2d 706.

Plaintiffs argue that, despite the foregoing, they may base their claim for penalties under Cal. Bus. & Prof.Code § 17202 ("Section 17202"), which says: "Notwithstanding Section 3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." (Pl.'s Opp'n, pp. 12–16.) Plaintiffs assert that, since Section 17202 does not expressly state that private litigants cannot enforce the penalty provision, penalties may be awarded under the UCL. (*Id.* at p. 14.)

Not surprisingly, Plaintiffs' argument is not supported by any legal authority. Indeed, the position asserted by Plaintiffs would directly contravene over a decade of California Supreme Court precedent that limits an individual's monetary relief under the UCL to restitution.[1] *Korea Supply Co.*, 29 Cal.4th at 1144, 131 Cal.Rptr.2d 29, 63 P.3d 937; *Cortez*, 23 Cal.4th at 173, 96 Cal.Rptr.2d 518, 999 P.2d 706; *Kraus*, 23 Cal.4th at 126, 96 Cal.Rptr.2d 485, 999 P.2d 718; *Bank of the West*, 2 Cal.4th at 1266, 10 Cal.Rptr.2d 538, 833 P.2d 545. Plaintiffs' argument that these cases do not expressly preclude an individual from recovering penalties is belied by the clear, unequivocal language of the state's high court when it has addressed the issue.

*See, e.g., Kraus*, 23 Cal.4th at 126, 96 Cal.Rptr.2d 485, 999 P.2d 718 ("[t]hrough the UCL a plaintiff may obtain restitution and/or injunctive relief ..."); *Korea Supply Co.*, 29 Cal.4th at 1148, 131 Cal.Rptr.2d 29, 63 P.3d 937 (explaining that, under the UCL, "the Legislature did not intend to authorize courts to order monetary remedies other than restitution in an individual action.").

Moreover, the statutory history of Section 17202 is telling. Section 17202 is an outgrowth of California Civil Code § 3369, which, when enacted in 1872, merely provided that "Neither specific nor preventive relief can be granted to enforce a penal law, except in a case of nuisance, nor to enforce a penalty or forfeiture in any case." *Kraus*, 23 Cal.4th at 129, 96 Cal. Rptr.2d 485, 999 P.2d 718. Civil Code § 3369 therefore was a statutory limit on a court's ability to grant injunctive relief. *See id.* at 130, 96 Cal.Rptr.2d 485, 999 P.2d 718. The statute, however, was amended in 1933 to expressly authorize courts to enjoin unfair competition. (*Id.*) Injunctive relief was the sole remedy available for a violation of unfair competition until 1976, when express statutory authority was provided for courts to order restitution. (*Id.*) In 1977, the unfair competition law was moved from the Civil Code to the Business and Professions Code (*id.*), but the remedies remained the same. Current Section 17202 therefore merely authorizes a court to enjoin unfair competition, "[n]otwithstanding Section 3369 of the Civil Code," which limits the court's authority to issue injunctive relief in other circumstances.[2]

---

1. Of course, the Attorney General or District Attorneys may seek penalties under the UCL. Cal. Bus. & Prof. Code §§ 17206(a), 17207(b).

2. Cal. Civ.Code § 3369 currently states: "Neither specific nor preventive relief can be granted to enforce a penalty or forfeiture in any case, nor to enforce a penal law, except in a case of nuisance or as otherwise provided by law." (West 2004).

## A. *Cal. Lab.Code § 203: Waiting Time*

■ Plaintiffs seek relief under California Labor Code § 203 ("Section 203") for Indymac's alleged willful failure to pay all wages that were due at the termination of Plaintiffs' employment. Section 203 states, in relevant part, that, "[i]f an employer willfully fails to pay ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty [for up to 30 days]."

Indymac argues that the express language of Section 203 labels it a penalty, and that the remedy under Section 203 cannot be labeled as "earned wages" because it provides for compensation for time that was never worked. (*Id.*)

Plaintiffs, however, argue that Section 203 speaks both of "wages" and a "penalty" and that it is not logically inconsistent for the remedy to be at the same time wages to the employee and a penalty to the employer. (Pl.'s Opp'n, p. 11.) Plaintiffs also argue that the remedy in Section 203 is not a penalty because: (1) the payment is to an employee, not to an enforcement agency or the State; (2) the amount paid must relate to the actual value of the employee's labor; and (3) the payment is not a mandatory fine in a specified amount, but depends on the Court's discretion. (*Id.* at pp. 11–12.)

The Court agrees with Indymac that the remedy contained in Section 203 is a penalty because Section 203 does not merely compel Indymac to restore the *status quo ante* by compensating Plaintiffs for the time they worked; rather, it acts as a penalty by punishing Indymac for willfully withholding the wages and forces Indymac to pay Plaintiffs an *additional* amount. This type of payment clearly is not restitutionary, and thus cannot be recovered under the UCL.

Plaintiffs' attempt to distinguish the payment contained in Section 203 from a penalty is unavailing. First, to whom the payment is made is of no import. For example, treble damages clearly are a penalty, but they are paid to an individual, not an enforcement agency. Second, the fact that the payment in Section 203 is related to the value of the employee's labor is not dispositive-if it is not payment for work done, it is not fairly characterized as restitution. Finally, the fact that the Court has discretion in its award under Section 203 cuts in favor of a penalty, not against it. If the payment was restitutionary in nature, Plaintiffs would be seeking a sum certain for unpaid wages; instead, Section 203 allows for a payment-in the Court's discretion-of an additional amount to punish employers for willfully withholding wages. Said another way, the Court has no discretion to reduce a restitutionary payment otherwise due to a plaintiff.

## B. *Cal. Lab.Code § 226.7: Rest and Meal Periods*

■ Plaintiffs allege that they were deprived of certain meal breaks and rest periods that they were entitled to, and seek redress under California Labor Code § 226.7 ("Section 226.7"). Section 226.7 provides that, "[i]f an employer fails to provide an employee a meal period or rest period ... the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

Indymac argues that the remedy for meal break violations is a penalty because employees are only entitled to a half-hour meal break, but the remedy under Section 226.7 is a "punitive full hour." (Mot., p. 7.) Similarly, Indymac asserts that the remedy for rest period violations is a penalty because employees are entitled to take a 10–minute rest break every four hours, but the remedy under Section 226.7 provides for a full hour of pay if the employee

misses one or more rest periods. (*Id.*) According to Indymac, these penalties are not restitutionary in nature. (*Id.* at p. 8.)

Plaintiffs, on the other hand, contend that employees who have worked through meal and rest periods are "*entitled* to additional wages for the trouble." (Pl.'s Opp'n, p. 9) (emphasis added). The fact that this may have a deterrent effect on the employer, Plaintiffs argue, does not change the fact that the extra payment is paid to the employee as a "wage," not to the State as a "penalty." (*Id.*) To Plaintiffs, the payment under Section 226.7 is similar to an employee's right to be paid for unused vacation time. (*Id.*)

The Court agrees with Plaintiffs that payments under Section 226.7 are restitutionary because they are akin to payment of overtime wages to an employee: both are "earned wages" and thus recoverable under the UCL. *See Cortez*, 23 Cal.4th at 178, 96 Cal.Rptr.2d 518, 999 P.2d 706. Just as an understaffed company may make the conscious decision to pay its employees time and a half to work overtime, the same understaffed company also can decide to have its employees forego their meal and rest breaks if it compensates them at a higher rate. In both instances, the employee earns the higher wage by working additional time.

As Indymac pointed out at oral argument, the analogy to overtime payments is not perfect, and the Court agrees. There are a number of different scenarios which could result in the award of one hour's wage for violation of the meal or rest break rules. For example, if an employee qualified for either one or two meal breaks on a given day but was denied the break, the compensation would be the same: one hour's pay. In contrast, the premium for overtime is always the same–50%–regardless of the number of overtime hours worked. Yet compared to waiting penalties for which the same penalty would result whether the delayed payment was one year or one day, the variability is much smaller. In the vast majority of cases, the one hour's wage is likely to be for a single denied meal break or denied rest break. The minor potential variability in relation to time worked does not undermine the basic concept of paying workers a premium for time worked without a meal break or rest breaks.

Moreover, the Court notes that its conclusion is consistent with the Labor Code's definition of "wages," which is "all amounts for labor performed by employees . . . ." CAL. LAB. CODE § 200(a). Under Section 226.7, the employee is paid an amount (equal to one hour of regular pay) for labor performed during his meal break or rest period.

For these reasons, the Court finds that an employee earns the additional hour of pay when he is not given a meal break or rest period. An award under Section 226.7 thus is restitutionary and may be recovered under the UCL.[3] *Cortez*, 23 Cal.4th at 178–79, 96 Cal.Rptr.2d 518, 999 P.2d 706 ("An order that earned wages be

---

**3.** The Court is aware that the California Department of Industrial Relations, Division of Labor Standards Enforcement ("DIR–DLSE"), recently published a statement of its reasons for proposing an amendment to Title 8, section 13700, of the California Code of Regulations. INITIAL STATEMENT OF REASONS, *available at* http://www.dir.ca.gov/dlse/MRPRegs.htm (last visited Feb. 17, 2005). In that statement, the DIR–DLSE explained that Section 226.7 "was intended to be a penalty." (*Id.* at p. 3.) The Court, however, disagrees with the reasoning and examples provided by the DIR–DLSE and thus does not find its statement persuasive. *Bonnell v. Medical Board of California*, 31 Cal.4th 1255, 1264, 8 Cal.Rptr.3d 532, 82 P.3d 740 (2003) (explaining that, in California, "agency interpretations are not binding or . . . authoritative" and "[c]ourts must, in short, independently judge the text of a statute.")

paid is therefore a restitutionary remedy authorized by the UCL.").[4]

### C. *FLSA Liquidated Damages*

■ Plaintiffs also are seeking liquidated damages under the FLSA. Specifically, the FLSA states that:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages.*

29 U.S.C. 216(b) ("Section 216(b)") (emphasis added).

Indymac argues that the liquidated damages provision under Section 216(b) is a penalty because it does not return to the employee a wage that was earned, but instead gives the employee an additional unearned amount. (Mot., p. 8.)

Plaintiffs, on the other hand, rely heavily on *Overnight Motor Transp. Co. v. Missel,* 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942), to support their assertion that the liquidated damages provision of Section 216(b) is payment for owed wages and thus not a penalty. Specifically, Plaintiffs argue that the following language from *Missel* is controlling:

The liquidated damages for failure to pay the minimum wages under sections 6(a) and 7(a) are compensation, not a penalty or punishment by the Government. The retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages.

(Pl.'s Opp'n, p. 7) (*quoting Missel,* 316 U.S. at 583–84, 62 S.Ct. 1216). According to

Plaintiffs, the Court should follow *Missel* and find that the liquidated damages provision of Section 216(b) is restitutionary in nature.

The Court agrees with Plaintiffs that the liquidated damages provision of Section 216(b) is not a penalty. *Missel,* 316 U.S. at 583–84, 62 S.Ct. 1216; *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 707, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *Culver v. Bell & Loffland,* 146 F.2d 29, 31–32 (9th Cir.1944) (citing *Missel* to support its conclusion that Section 216(b) is not penal). This conclusion, however, is not dispositive of the Court's inquiry as to whether the liquidated damages provision is restitutionary, such that it may be recovered under the UCL.[5]

The Court concludes that the liquidated damages provision contained in Section 216(b) is not restitutionary because it does not return to employees money obtained through an unfair business practice. *See Korea Supply Co.,* 29 Cal.4th at 1144–45, 131 Cal.Rptr.2d 29, 63 P.3d 937. Nor do employees have a "vested right" in the liquidated damages available under Section 216(b). 29 U.S.C. 260 (explaining that the court has discretion not to award liquidated damages if the employer acted in good faith); *Bratt v. County of Los Angeles,* 912 F.2d 1066, 1071–72 (9th Cir.1990). Section 216(b) is clear that an employee is entitled to receive "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be" *and "an additional equal amount* as liquidated damages." Section 216(b) (emphasis added). The first part of Section 216(b) is restitutionary, the liquidated damages provision is not.

---

**4.** The Court's conclusion moots the section of Indymac's motion that asks the Court to apply a one-year statute of limitations to Plaintiffs' Section 226.7 claim.

**5.** Although a penal law by definition is not restitutionary, it does not follow that a law that is not penal is necessarily restitutionary.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' claims based on Section 203 and Section 216(b) are not restitutionary, and thus not recoverable under the UCL. The Court, however, reaches the opposite conclusion with respect to Plaintiff's claim under Section 226.7. Because an award under Section 226.7 is not a penalty, the four-year statute of limitations governing UCL claims, rather than the one-year statute in California Code of Civil Procedure § 340(a), applies.

**Antron TOMLINSON, et al, Plaintiff,**

v.

**INDYMAC BANK, F.S.B.,
et al, Defendant(s).**

**No. SACV 04–294 JVS.**

United States District Court,
C.D. California.

Feb. 18, 2005.

Aashish Y. Desai, Jon R. Mower, Patrick A. Carreon, James A. Burton, Mower Carreon & Desai (Irvine, CA), for Plaintiffs.

Deborah C. Saxe, Matthew M. Yu, Heller Ehrman White & McAuliffe, for Defendants.