Jennifer CORDER, on behalf of herself and all others similarly situated, Plaintiff,.

v.

HOUSTON'S RESTAURANTS, INC., a Delaware Corporation, Defendant.

No. SA CV06–001 CJC (ANX).

United States District Court, C.D. California, Southern Division.

March 21, 2006.

**1206**

Jose R. Garay, Jose Garay Law Office, Roger R. Carter, Irvine, CA, for Plaintiff.

Greg S. Labate, Matthew Martin Sonne, Richard J. Simmons, Sheppard Mullin Richter & Hampton, Costa Mesa, CA, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFEN-DANT'S MOTION TO STRIKE

COCARNEY, District Judge.

### I. INTRODUCTION

California Labor Code section 226.7(a) prohibits an employer from requiring an employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission ("IWC"). If an employer violates this law, California Labor Code section 226.7(b) requires the employer to pay the employee the equivalent of one hour of pay at the employee's regular rate of compensation. The principal question before the Court is whether this payment constitutes a penalty against the employer or a wage to the employee. The Court concludes that the payment is indeed a penalty.

### II. BACKGROUND

Defendant Houston's Restaurants, Inc. ("Houston's") moves to strike certain portions of Plaintiff Jennifer Corder's second amended complaint ("complaint") pursuant to Fed.R.Civ.P. 12(f). In her complaint, Ms. Corder brings claims for failure to pay wages, unlawful deductions, conversion, failure to provide meal and rest periods or compensation in lieu thereof, failure to pay wages of terminated or resigned employees, knowing and intentional failure to comply with itemized employee wage statement provisions, violations of the Unfair Competition Law, and violations of the Fair Labor Standards Act. The principal issue permeating Houston's motion to strike, as stated above, is whether the payment mandated by California Labor Code section 226.7 constitutes a penalty to the employer or wages to the employee. If, as Houston's contends, the payment is a penalty, Ms. Corder's claim for failure to provide meal and rest periods is subject to a one-year statute of limitations. CAL.CIV. PROC.CODE § 340(a) (Deering 2006). If, as Ms. Corder contends, the payment is a wage to the employee, her claim is subject to a three-year statute of limitations.[1] § 338(a).

---

**1.** In addition, Ms. Corder would be entitled to attorneys' fees and costs if she prevailed. CAL.

LAB.CODE § 218.5.

## III. ANALYSIS

The Court begins its analysis with the wording of the statute. Labor Code section 226.7 provides:

(a) No employer shall require an employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

In determining whether the payment mandated by Labor Code section 226.7(b) constitutes a penalty to the employer or a wage to the employee, the Court is mindful of the California Legislature's findings in passing the Eight–Hour–Day Restoration and Workplace Flexibility Act of 1999 ("Act"). *See Nat'l Steel & Shipbuilding Co. v. Superior Court*, 135 Cal.App.4th 1072, 1078, 38 Cal.Rptr.3d 253 (2006) (noting that courts "are guided by the fundamental rule that the objective sought to be achieved by a statute as well as the evil to be prevented is of prime consideration in its interpretation") (internal quotations and citations omitted). The Legislature mandated these meal and rest periods, as well as the requirement that employers pay one and one-half times the regular pay rate for overtime hours worked, in response to the adverse impact it believed resulted from employer practices that required employees to work long hours and

substantial periods of time without meal or rest periods. Specifically, the Legislature affirmed that the "eight-hour workday is the mainstay of protection for California's working people, and has been for over 80 years. In 1911, California enacted the first daily overtime law setting the eight-hour daily standard, long before the federal government enacted overtime protections for workers." 1999 Cal. Stat. 134. The Legislature noted that "[n]umerous studies have linked long work hours to increased rates of accident and injury." *Id.* The Legislature also expressed concern about the impact that the employer practice of requiring employees to work long uninterrupted hours was having on the family: "Family life suffers when either or both parents are kept away from home for an extended period of time on a daily basis." *Id.*

Based on its findings, the Legislature imposed mandatory meal and rest period requirements on employers to protect the welfare of California employees. The Act, therefore, requires an employer to provide a meal period of at least thirty minutes to an employee who works more than five hours in one period and two meal periods of at least thirty minutes to an employee who works more than ten hours in one period. CAL. LAB.CODE § 512(a). An employer must also provide a ten minute break for each four hour period an employee works. CAL.CODE REGS. tit. 8, § 11050 (2006). If an employer fails to provide a required meal or rest period, it must pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period was not provided.[2] *Id.*

2. The parties also disagree about whether Labor Code section 226.7 requires an employer to pay the employee for each break missed, or whether the statute requires an employer to pay the employee for each work day that breaks were not provided. Section 226.7(b) states that the employer is liable "for each work day" that a break is not provided. Thus, the plain wording of the statute is clear that an employer is liable per work day, rather than per break not provided.

■ The legislative history and purpose of the payment mandated by section 226.7 reveals that the payment was intended by the Legislature to be a penalty. The law requiring employers to pay employees for failing to provide mandated meal and rest breaks began as Assembly Bill 2509. *Mills v. Superior Court,* 135 Cal.App.4th 1547, 1552, 38 Cal.Rptr.3d 497 (2006). The bill was introduced as a means of enforcing the existing IWC wage order prohibitions against requiring an employee to work during a meal or rest break by providing "penalties" to employers that violate the orders. *See Nat'l Steel,* 135 Cal.App.4th at 1080, 38 Cal.Rptr.3d 253. "Supporters of the bill commented about the 'large and growing' problem of employers who are chronic violators of wage and hour laws, including employers that worked their employees for long hours without rest breaks." *Id.* (internal citation omitted). As introduced, the bill provided that any employer that required an employee to work during a mandated meal or rest period would be subject to a "civil penalty of fifty dollars ($50) per employee per violation." A.B. 2509, 1999–2000 Reg. Sess. (Cal.1999), as introduced February 24, 2000; *see also Mills,* 135 Cal.App.4th at 1552, 38 Cal.Rptr.3d 497. The original bill also required the employer to pay the employee an amount equal to twice his or her average hourly rate for the length of the break period in which the employee was required to work. A.B. 2509, 1999–2000 Reg. Sess. (Cal.1999), as introduced February 24, 2000; *see also Mills,* 135 Cal. App.4th at 1552, 38 Cal.Rptr.3d 497. Once in the Senate, however, the penalty provision was conflated into one payment and the employer was solely required to pay the employee one hour of wages for each work day in which a break was not provided. *See Mills,* 135 Cal.App.4th at 1552, 38 Cal.Rptr.3d 497. This was done to make the statute consistent with the existing provisions of the IWC wage order regarding meal and rest breaks. *See Nat'l Steel,* 135 Cal.App.4th at 1081, 38 Cal.Rptr.3d 253. "The Assembly concurrence in the Senate amendments described the amendment as 'deleting the provisions related to penalties for an employer who fails to provide a meal or rest period, and instead codifying the lower penalty amounts adopted by the IWC.'" *Id.* (internal citation omitted).

Although the word "penalty" was not included in the final version of the bill, it is clear that the Legislature always considered the payment mandated by section 226.7 to be a penalty. *See Mills,* 135 Cal.App.4th at 1553, 38 Cal.Rptr.3d 497. That the penalty took the form of a payment to the affected employee does not change the fact that the payment was designed by the Legislature to punish and deter those employers who subjected their employees to long periods of work without a break. Indeed, rather than an arbitrary fifty dollar penalty, as the bill initially imposed, the Legislature made the penalty more beneficial to the employee by correlating the payment to the employee's normal hourly wage.

It is significant to note that employers have *no* discretion in granting meal or rest periods. *See* CAL. LAB.CODE § 226.7(a). The statute expressly states that "[n]o employer shall require an employee to work during any meal or rest period." *Id.* If an employer violates this law, it must pay the employee one additional hour of pay at the employee's regular rate of compensation. § 226.7(b). An employer who violates the meal or rest break requirement is guilty of a misdemeanor, punishable by a fine of at least one-hundred dollars or imprisonment for at least thirty days, or both. § 1199; *see also* § 553. Justice Mosk, in his concurrence in *Mills,* succinctly articulated why an employer's lack of discretion with

respect to meal and rest breaks can lead only to the conclusion that the payment is a penalty: "The employer does not have the option to require the employee to work during the meal or rest periods and pay the extra compensation. Labor Code section 226.7, subdivision (a), flatly prohibits such a requirement. A violation of that prohibition can only be viewed as a penalty." 135 Cal.App.4th at 1556, 38 Cal. Rptr.3d 497 (Mosk, J., concurring).

It is also significant to note that the payment mandated by section 226.7 does not compensate an employee for additional services rendered. If an employee, for example, works five consecutive hours without receiving the required ten minute break, he or she still is compensated by the employer for every minute of work performed. The payment mandated by section 226.7 is a fixed sum that becomes due the moment a break period is missed. *See Mills,* 135 Cal.App.4th at 1554, 38 Cal.Rptr.3d 497. Moreover, an employee is paid one full hour of wages for a missed break, even if the missed break was only ten minutes. If the missed break was thirty minutes, the employee is entitled to the same amount: one full hour of wages. *See Prudential Home Mortgage Co. v. Superior Court,* 66 Cal.App.4th 1236, 1242, 78 Cal.Rptr.2d 566 (1998) (noting that the settled rule in California is that a penalty is an amount recoverable to satisfy a wrong or injury suffered where the amount is not directly correlated to the actual losses incurred). The payment required by section 226.7 stands in contrast to overtime payments, where the employer is required to pay an amount based on the exact amount of overtime worked by the employee. If an employee works one minute of overtime, he or she is paid for exactly that one minute. If an employee works ten hours of overtime, he or she is paid for exactly those ten hours. As so aptly stated by the court in *Mills,* "[t]he

failure of section 226.7 to correlate the payment due to any additional labor performed by an employee undermines any argument the payment is a wage." 135 Cal.App.4th at 1554, 38 Cal.Rptr.3d 497.

Finally, the agency in charge of enforcing the Labor Code views the payment mandated by section 226.7 as a penalty. The California Supreme Court has held that an agency interpretation of the meaning and legal effect of a statute, although not binding or authoritative, is entitled to consideration and respect by the courts. *See Bonnell v. Med. Bd. of California,* 31 Cal.4th 1255, 1264, 8 Cal.Rptr.3d 532, 82 P.3d 740 (2003). Notably, the California Department of Industrial Relations, Division of Labor Standards Enforcement ("DLSE"), explained that the payment mandated by section 226.7 "was meant to be a penalty" in its published reasons for proposing an amendment to Title 8, § 13700 of the California Code of Regulations. Initial Statement of Reasons, *available at* http://www.dir.ca.gov/dlse/InitialStatementofReasons4.pdf (last visited Mar. 17, 2006).

■ Moreover, in a recent order designated as a precedent decision by the DLSE, the California Labor Commissioner also determined that the payment for missed meal periods is a penalty. *Hartwig v. Orchard Commercial, Inc.,* DLSE Case No. 12–56901RB (2005); *see also* CAL. GOV'T CODE § 11425.60. "The purpose, therefore, of the initial provision relating to the one hour of pay, was to enforce the requirements and to deter non-compliance clearly indicating intent to create a penalty. Labor Code § 226.7, likewise, was based on the IWC Order language and its purpose is to deter employees from violating IWC imposed rules for meal breaks." *Hartwig,* at p. 7.

In sum, the payment mandated by Labor Code section 226.7(b) is unquestionably a penalty. The California Legislature clearly intended for the payment to be a penalty and it certainly has all the features of one. It is imposed as a result of an employer's violation of the law and it is a fixed amount not dependent on the amount of time that the employee was improperly required to work by the employer.

As the parties correctly point out, California courts are split on whether the payment in Labor Code section 226.7 constitutes a penalty or a wage. Ms. Corder cites to *Nat'l Steel*, in which the California Court of Appeal, Fourth Appellate District, recently held that the payment is both a penalty against the employer and a wage to the employee. 135 Cal.App.4th at 1079, 38 Cal.Rptr.3d 253. And, since "statutes governing conditions of employment are construed broadly in favor of protecting employees," the *Nat'l Steel* court concluded that the three-year statute of limitations applicable to wages should apply to the payment mandated by section 226.7.[3] *Id.* at 1084, 38 Cal.Rptr.3d 253.

Ms. Corder also cites to *Tomlinson v. Indymac Bank, F.S.B.*, in which a federal district court held that the payments mandated by section 226.7 are restitutionary because they are earned wages. 359 F.Supp.2d 891, 896 (C.D.Cal.2005). The *Tomlinson* court analogized the payments required for an employer's failure to provide meal or rest breaks to the time and one-half payments employers make to employees for working overtime. "Just as an understaffed company may make the conscious decision to pay its employees time and a half to work overtime, the same understaffed company also can decide to have its employees forego their meal and rest breaks if it compensates them at a higher rate. In both instances, the employee earns the higher wage by working additional time." *Id.*

Because employers are flatly prohibited from denying employees meal and rest breaks, the Court finds the analogy in *Tomlinson* to overtime wages unpersuasive. *See id.* Whereas employers have no discretion in providing meal and rest breaks, employers have total discretion in requiring employees to work overtime hours. *See* CAL. LAB.CODE § 510. An understaffed employer, if it feels it is in its best interest, can make the conscious decision to require an employee to work overtime. And if it does, the employer must compensate the employee by paying him or her wages at a rate of at least one and one-half times the employee's regular rate of pay.[4] *Id.* In contrast, an employer cannot likewise require an employee to forego meal and rest periods. If it does, the employer is guilty of a misdemeanor, subject to a fine and imprisonment, and must pay the employee one additional hour of pay at the employee's regular rate of compensation, no matter if the length of the break not provided was ten minutes or thirty minutes. *See* CAL. LAB.CODE §§ 226.7, 1199.

---

**3.** The Court notes that even if, as the *Nat'l Steel* court concluded, the payment mandated by Labor Code § 226.7 is both a penalty and a wage, the one-year statute of limitations still would apply since the three-year statute of limitations expressly applies to an action upon a liability created by statute, "other than a penalty or forfeiture." CAL.CIV PROC CODE § 338(a).

**4.** Notably, California Labor Code § 510 uses the word "compensated" in describing the payment that employers make to employees who work overtime. The word "compensate" is consistent with the fact that overtime payments are wages. Section 226.7, in contrast, does not use the word "compensate" in describing the payment that employers are obligated to make to employees that are denied meal and rest breaks.

Houston's, for its part, cites to three recent California Court of Appeal cases in which courts have held that the payment for missed meal and rest periods constitutes a penalty to the employer. *See Mills*, 135 Cal.App.4th 1547, 38 Cal. Rptr.3d 497; *Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 381 n. 16, 36 Cal.Rptr.3d 31 (2005) (noting that the payment mandated by section 226.7 is in the form of a statutory penalty); *Murphy v. Kenneth Cole Prods., Inc.*, 134 Cal. App.4th 728, 754, 36 Cal.Rptr.3d 418 (2005), *petition for review granted*, 40 Cal. Rptr.3d 750, 130 P.3d 519 (2006).[5] In one of those cited cases, *Mills*, the California Court of Appeal, Second Appellate District, thoroughly analyzed the legislative history behind section 226.7 in determining that the payment qualifies as a penalty. 135 Cal.App.4th at 1552–53, 38 Cal.Rptr.3d 497.

## IV. CONCLUSION

For the foregoing reasons, the Court must conclude that the payment mandated by Labor Code section 226.7 for employ-

ers' failure to provide essential meal and rest breaks constitutes a penalty under California law. Accordingly, Houston's motion to strike is GRANTED in this respect and DENIED in all other respects.[6] Ms. Corder has twenty days leave to amend her complaint consistent with this Order. Houston's has twenty days thereafter to file a responsive pleading.

---

5. *Kenneth Cole*, in which the First Appellate District held that the payment in section 226.7 constitutes a penalty, has been depublished since Houston's cited it in its moving papers. *See Murphy v. Kenneth Cole Prods., Inc.*, 134 Cal.App.4th 728, 754, 36 Cal.Rptr.3d 418 (2005), *petition for review granted*, 40 Cal. Rptr.3d 750, 130 P.3d 519 (2006). The *Kenneth Cole* court based its conclusion that the payment mandated by section 226.7 is a penalty on "the wording, history and apparent intent of the Legislature when enacting section 226.7, and the IWC when it promulgated the wage order." *Id.*

6. Ms. Corder concedes that the remedy of disgorgement of wrongfully obtained revenues by Houston's is precluded in an Unfair Competition Law action and seeks leave to amend her complaint to strike this request. The Court grants Ms. Corder leave to amend accordingly. Ms. Corder also seeks leave to amend to correct a typographical error with respect to Labor Code section 226. She also

is granted leave to correct this error. In addition, Houston's motion to strike references to "premium wages" in the complaint is DENIED. Ms. Corder's explanation that premium wages are akin to overtime wages is consistent with relevant California case law. *See, e.g. Indus. Welfare Comm'n v. Superior Court*, 27 Cal.3d 690, 713, 166 Cal.Rptr. 331, 613 P.2d 579 (1980). Both parties are on notice that "premium pay" is akin to overtime pay and it is unnecessary to order Ms. Corder to strike all references to "premium pay" from her complaint. Lastly, Houston's contention that Ms. Corder must allege that she is a current employee is unpersuasive. Liability attaches to the employer the moment an employee is denied a meal or rest break. That liability is not expunged when an employee ceases working for an employer. Otherwise, an employer could extinguish its liability to an employee for missed breaks simply by firing that employee. The law does not condone this absurd result.