Margie **MONTECINO**

v.

**SPHERION CORP.**

**No. CV 06–1589 ABC (JCX).**

United States District Court, C.D. California.

April 14, 2006.

Dennis F. Moss, Spiro Moss Barness Harrison and Barge, Los Angeles, CA, Peter M. Hart, Peter M. Hart Law Offices, Marina Del Rey, CA, for Margie Louisa Montecino.

Gregg A. Fisch, Seyfarth and Shaw, Laura Wilson Shelby, Michael L. Gallion, Seyfarth Shaw, Los Angeles, CA, for Spherion Corporation A Delaware Corporation.

COLLINS, District Judge.

**Proceedings:** ORDER Granting Defendant's Motion to Strike (In Chambers)

Pending before the Court is a Motion to Strike Portions of the Complaint, filed by Defendant Spherion Corp. ("Defendant") on March 20, 2006. Plaintiff Margie Montecino ("Plaintiff") filed her opposition on April 3, 2006, to which Defendant replied on April 10, 2006. The Court finds the matter appropriate for submission without oral argument. *See* Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the noticed hearing date of April 17, 2006 is VACATED. Upon consideration of the parties' submissions and the case file, the Court hereby GRANTS the Motion.

## BACKGROUND

The instant case arises from Plaintiff's claim that Defendant, her former employer, failed to timely pay her and other similarly-situated employees their final wages upon termination of their employment. Plaintiff filed her complaint in Los Angeles Superior Court on February 8, 2006, on behalf of herself and a "class of Spherion employees who were assigned to work for Spherion customers, whose employment ended in California during the period commencing four years prior to the filing of this action through the date notice is mailed to the class." (Complaint ¶ 11.) Plaintiff alleges two causes of action, both related to Defendant's alleged failure to timely pay final wages, in violation of: 1) California Labor Code §§ 201–203; and 2) California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.* Defendant removed this action to this Court on March 15, 2006 on diversity grounds.

## LEGAL STANDARD

"Under Federal Rule of Civil Procedure 12(f), the Court 'may order stricken from any pleading . . . any redundant, immaterial, impertinent or scandalous matter.'" *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D.Cal.1996). Mo-

tions to strike are generally regarded with disfavor. *Id.* "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation[.]" *State of California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D.Cal.2002). When considering a motion to strike, courts must view the pleading in the light more favorable to the pleader. *See Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D.Cal.2000). Moreover, a court must deny the motion to strike if any doubt exists whether the allegations in the pleadings might be relevant in the action. *In re 2TheMart.com. Inc. Sec. Lit.*, 114 F.Supp.2d 955, 965 (C.D.Cal. 2000).

## DISCUSSION

■ Defendant moves to strike all portions of the Complaint that refer to "restitution of monies and/or recovery of penalties under the UCL or ... the UCL's four-year statute of limitations." (Mot.2.) California law provides that an employee's wages earned and unpaid at the time of termination of employment, by discharge or resignation with proper notice, are due and payable immediately. Cal. Labor Code §§ 201, 202. Where an employer "willfully fails" to timely pay such wages, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," for up to thirty days.[1] Cal. Labor Code § 203. The statute of limitations for an action for payment of wages due under Labor Code §§ 201 and 202 is three years. Cal.Code Civ. Proc. § 338(a). The statute of limitations for an action brought under the UCL is four years. Cal. Bus. & Prof.Code § 17208.

■ The parties do not dispute that remedies under the UCL are limited to injunctive relief and restitution. *See, e.g., Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1144, 131 Cal. Rptr.2d 29, 63 P.3d 937 (2003); *Tomlinson v. Indymac Bank*, 359 F.Supp.2d 891, 893 (C.D.Cal.2005) (internal citations omitted). The parties also do not dispute that unpaid wages have been held by California courts to constitute restitution, and thus are recoverable under the UCL. *See, e.g., Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 177, 96 Cal.Rptr.2d 518, 999 P.2d 706 (2000). At issue here is whether Plaintiff may also recover § 203 payments under the UCL, which would allow an extra year of recovery due to the UCL's longer statute of limitations period. Defendant contends that § 203 payments are "penalties," and thus not recoverable under the UCL. Plaintiff argues that such payments are "wages," and thus are a viable part of a restitutionary remedy. Each party cites to the relevant portion of the statute itself, which uses both terms. *See* Cal. Labor Code § 203. The Court finds that § 203 payments are clearly a penalty, and thus cannot be claimed pursuant to the UCL.

Plaintiff argues that § 203 payments may be considered wages, and cites only to *Cortez*, 23 Cal.4th at 177, 96 Cal.Rptr.2d 518, 999 P.2d 706, in support of this proposition. *Cortez*, however, does not support Plaintiff's contention, but rather underlines the difference between unpaid wages and § 203 payments. In *Cortez*, the plaintiff filed a claim under the UCL for both unpaid overtime wages as well as for § 203 payments. *Id.* at 170, 96 Cal.Rptr.2d 518, 999 P.2d 706. The California Supreme Court held that "orders for payment of

---

1. As discussed below, the parties dispute whether relief sought under § 203 constitutes "wages" or "penalties" for the purposes of the UCL. In order to avoid further confusion, the Court hereinafter refers to such relief as "§ 203 payments."

wages unlawfully withheld from an employee are [ ] a restitutionary remedy authorized by section 17203." *Id.* at 177, 96 Cal.Rptr.2d 518, 999 P.2d 706. In reaching this conclusion, the Court relied on the language of the UCL authorizing the court to make " 'orders or judgments ... as may be necessary to restore' to persons in interest any money or property acquired by unfair competition." *Id.* at 176, 96 Cal.Rptr.2d 518, 999 P.2d 706 (quoting Cal. Bus. and Prof.Code § 17203). As such, "earned wages that are due and payable ... are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice." *Id.* at 178, 96 Cal.Rptr.2d 518, 999 P.2d 706. Because the employee thus has a vested property interest in the wages previously earned, the payment of such wages is therefore a restitutionary remedy authorized by the UCL. *Id.*

In light of *Cortez,* it is clear that § 203 payments cannot be classified as restitution. Unlike backpay wages, § 203 payments are not owed in exchange for the labor of the employee, but rather are triggered when the employer fails to timely pay all earned wages. As such, it is clear that payments made under § 203 are penalties, rather than wages. *See, e.g., Caliber Bodyworks, Inc. v. Sup.Ct.,* 134 Cal. App.4th 365, 380, 36 Cal.Rptr.3d 31 (2005) (referring to the "statutory penalty provided in section 203"); *Mamika v. Barca,* 68 Cal.App.4th 487, 493, 80 Cal.Rptr.2d 175 (1998) ("proper reading of section 203 mandates a penalty equivalent to the employee's daily wages for each day he or she remained unpaid.... This larger penalty acts as a disincentive to employers who are reluctant to pay wages in a timely manner, thus furthering the intent of the statutory scheme"); *Tomlinson v. Indymac Bank,* 359 F.Supp.2d 891, 895 (C.D.Cal.2005) (holding that § 203 payments cannot be

brought under the UCL as "if it is not payment for work done it is not fairly characterized as restitution"). Plaintiff's attempt to argue that the holding in Cortez applied to both unpaid wages and § 203 payments is without merit, as the Court in *Cortez* clearly distinguished between earned overtime wages and the § 203 "penalty." *Cortez,* 23 Cal.4th at 169, 96 Cal.Rptr.2d 518, 999 P.2d 706. Moreover, Plaintiff has failed to provide any authority to suggest that § 203 payments should properly be classified as restitution.

Finally, the Court rejects Plaintiff's argument that, even if she cannot bring a claim for § 203 payments under the UCL, she is nevertheless entitled to the longer statute of limitations because § 203 provides that "[s]uit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise." Plaintiff offers no support for such a proposition, and cannot circumvent the three-year statute of limitations for § 203 on this basis.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike is GRANTED. The Court thus STRIKES all references in Plaintiff's Complaint to recovery of § 203 payments or penalties under the UCL, or to the UCL's four-year statute of limitations applied to such payments. Plaintiff's second cause of action under the UCL may remain to the extent she seeks restitution of actual wages earned but unpaid, as opposed to post-termination § 203 payments. Plaintiff's class definition encompassing a four-year statute of limitations may remain to the same extent.

**IT IS SO ORDERED.**